John D. FERRIS, Petitioner,

v.

DEPARTMENT OF the NAVY,
Respondent.

Appeal No. 86–1465.

United States Court of Appeals,
Federal Circuit.

Jan. 21, 1987.

John D. Ferris, Pro Se.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director and Michael T. Paul, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., submitted for respondent.

Before DAVIS, Circuit Judge,
BENNETT, Senior Circuit Judge, and
SMITH, Circuit Judge.

BENNETT, Senior Circuit Judge:

Petitioner appeals the final decision of the Merit Systems Protection Board (MSPB or board), 30 M.S.P.R. 569 (1986), which denied his petition for review of the presiding official's decision (November 12, 1985) to dismiss his appeal as moot. We affirm.

OPINION

Mr. Ferris was employed as a firefighter at the United States Naval Station at Norfolk, Virginia, a position that he had held since 1967. On June 5, 1985, he was convicted in the United States District Court for the Eastern District of Virginia of bribery and obstruction of justice for offering money to a government witness in a mail fraud case. As a result of his conviction, on June 14, 1985, the Department of the Navy (agency) proposed his removal from his position as firefighter for criminal conduct having an adverse effect on the efficiency of the service. The removal was scheduled to take effect on July 2, 1985.

On July 16, 1985, the district court issued an order which sentenced Ferris to 5 years of confinement, all but 90 days of which were suspended, and probation was imposed for 5 years commencing upon his release from confinement. He was also fined $5,000, and, in accordance with 18 U.S.C. § 201(d), (e) (1982), was explicitly "disqualified from holding any office of trust, honor, or profit with the United States." Mr. Ferris did not appeal the conviction or the sentence imposed by the district court although he now alleges that his attorneys disregarded his request to do so.

Ferris did file and pursue an appeal with the MSPB following his removal by the agency. Prior to the issuance of the presiding official's decision, the agency agreed to pay the full salary of Mr. Ferris from the effective date of his removal until the date that the district court's sentence was imposed. Since the effective date of the petitioner's removal was thus made coterminous with the date on which the district court ordered petitioner disqualified from federal employment, the presiding official found that there was no longer a live case or controversy which the MSPB could consider or adjudicate because the MSPB could not countermand the judgment of a federal district court. Therefore, the presiding official dismissed the appeal as moot. The full board denied review and this appeal was taken.

■ Petitioner's appeal is focused on the loss of his federal employment and his argument rests on the asserted ground that there is no nexus between his offense and his duties as a firefighter. Regardless of the merits of his argument, it is being made at the wrong time in the wrong forum. Any appeal over the loss of his federal employment ordered by the district court should have been directed to the federal appellate court which handles the appeals from the district court in which he was convicted and sentenced, in this case the Fourth Circuit. When the Navy agreed to pay his full salary through the date of his sentencing by the district court, his removal from federal employment became solely the result of the district court's sentence, not any action of the Department of the Navy. At that point, the MSPB no longer had jurisdiction over his appeal because it could no longer affect his rights.

*Young v. Hampton,* 568 F.2d 1253 (7th Cir.1977), a case on which petitioner heavily relies, does not lead to a different conclusion. In *Young,* the plaintiff was removed from federal employment through agency action following a conviction and sentence for possession of drugs. However, since the criminal sentence in *Young* did not include a bar from future federal employment, the removal from federal employment was the result of agency action, not part of the criminal sentence. Thus, the appeal of the removal in that case was properly heard by the Civil Service Commission (the predecessor to the MSPB).

Furthermore, whatever arguable factual similarities exist between the petitioner's situation and the facts in *Young,* they are not relevant to the issue of the MSPB's jurisdiction to hear petitioner's appeal. Actually, the procedural facts in *Young* illustrate the deficiency in the petitioner's arguments in the present case. In *Young,* the plaintiff appealed to the Civil Service Commission, then to the district court seeking mandamus to restore him to his job, and then to the Seventh Circuit where the removal was ultimately reversed. Here, rather than appealing to the Fourth Circuit following the district court's judgment, the petitioner sought relief from the MSPB. The MSPB properly deferred to the judgment of the district court and dismissed petitioner's appeal as moot with respect to the board.

■ Finally, by checking a routine form inadvertently provided by the clerk of this court, petitioner states that he does not wish to abandon his claim of discrimination and requests that the appeal be transferred to the district court for the Eastern District of Virginia. No such claim was raised to the MSPB or on the appeal here. The type of alleged discrimination is not even identified. Not having made a nonfrivolous alle-

gation of discrimination, the minimum requirement of a prima facie case, it would not be in the interests of justice to transfer the case. 28 U.S.C. § 1631 (1982). *See Hill v. Department of the Air Force,* 796 F.2d 1469, 1470–71 (Fed.Cir.1986).

AFFIRMED.