Ronald J. CLARK, Plaintiff–Appellant,

v.

James B. BUSEY, Administrator, Federal Aviation Administration, Defendant–Appellee.

No. 90–16421.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 1991.*

Decided March 25, 1992.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Lawrence B. Smith, Tucson, Ariz., for plaintiff-appellant.

Harry S. Gold, Office of the Chief Counsel, F.A.A., Washington, D.C., for defendant-appellee.

Before BOOCHEVER and NORRIS, Circuit Judges, and GILLIAM, District Judge.**

BOOCHEVER, Circuit Judge:

Ronald Clark appeals the district court's denial of his motion for costs and attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Clark's request for an EAJA award followed the dismissal without prejudice of his lawsuit against the FAA upon the FAA's voluntary agreement to give Clark the relief he sought. We affirm the denial of an EAJA award because the district court lacked jurisdiction over Clark's suit.

## BACKGROUND

Clark brought suit in district court, seeking declaratory and injunctive relief against the FAA. He sought to force the FAA to publish verbatim in the Federal Register the summary Clark and others had submitted in their petition for rulemaking and to provide an extended 180-day comment period. Clark objected to the original published notice of the petition because it contained an abbreviated summary drafted by the FAA which he considered "wholly inadequate, if not deliberately misleading." After Clark noticed the depositions of the FAA's chief counsel and two retired FAA lawyers, the FAA agreed on the record to publish verbatim Clark's summary and allowed a 180-day comment period.

** Honorable Earl B. Gilliam, United States District Judge for the Southern District of Califor-

The FAA then filed a motion to dismiss on the ground that the district court lacked jurisdiction. Without addressing the motion or the jurisdictional issue, the district judge dismissed the case without prejudice. The court denied Clark's subsequent motion for attorney's fees and costs under the EAJA, determining that the FAA had been "substantially justified" in its actions.

## DISCUSSION

### I

The EAJA provides for the award of costs and attorney's fees in certain cases:

... [A] Judgment for costs ... may be awarded to a prevailing party in any civil action brought by or against the United States or any agency or any official of the United States.... *in any court having jurisdiction over such action....*

....

... [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., brought by or against the United States *in any court having jurisdiction of that action,* unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (1988) (emphasis added). Subject matter jurisdiction to decide the merits of the underlying action is a "condition precedent" to an award of fees or costs under the EAJA. *Johns–Manville Corp. v. United States,* 893 F.2d 324 (D.C.Cir.1989) (costs); *Lane v. United States,* 727 F.2d 18 (1st Cir.) (fees), *cert. denied,* 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 57 (1984). Once jurisdiction is established, the prevailing party's entitlement to an award under the EAJA is presumed, unless the government's position in the challenged conduct and in the litigation itself is "substantially justified." *See Thom-*

nia, sitting by designation.

*as v. Petersen,* 841 F.2d 332, 335 (9th Cir. 1988). We do not reach the issue of substantial justification because we conclude that Clark's lawsuit suffered from a more basic infirmity, lack of jurisdiction.[1]

## II

■ Clark filed his suit in federal district court, yet jurisdiction lay exclusively in the court of appeals. Section 1006 of the Federal Aviation Act is the statute conferring jurisdiction for judicial review of FAA actions. The statute provides that "[a]ny order, affirmative or negative, issued by the [Administrator] ... shall be subject to review by the courts of appeals." 49 U.S.C. app. § 1486 (1988). Under section 1006, the court of appeals' jurisdiction is exclusive with regard to review of final FAA actions. *See Air Line Pilots Association, International v. Civil Aeronautics Board,* 750 F.2d 81, 84 (D.C.Cir.1984) ("ALPA"); *Nevada Airlines v. Bond,* 622 F.2d 1017, 1019 (9th Cir.1980). An agency's denial of a petition for rulemaking constitutes final, reviewable agency action, "except where there is evidence of a 'clear and convincing legislative intent to negate review.' " *WWHT, Inc. v. Federal Communications Comm'n,* 656 F.2d 807, 809 (D.C.Cir.1981); *see also, e.g., GMC v. National Hwy. Traffic Safety Admin.,* 898 F.2d 165, 169 (D.C.Cir.1990); *Nader v. United States Environmental Protection Agency,* 859 F.2d 747 (9th Cir.1988). We perceive in section 1006 of the Federal Aviation Act no legislative intent to negate review of the FAA's final disposition of rulemaking petitions. Thus, any final action the FAA takes regarding Clark's rulemaking petition is subject to the court of appeals' exclusive review.

■ In addition, the All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts in certain circumstances to issue interlocutory relief for nonfinal agency action or agency inaction. *E.g., Public Utility Commissioner of Oregon v. Bonneville Power Admin.,* 767 F.2d 622, 630 (9th Cir.

1985); *California Energy Comm'n v. Johnson,* 767 F.2d 631, 634 (9th Cir.1985). The federal courts' authority under the All Writs Act, however, is to be used "in aid of their prospective jurisdiction." 28 U.S.C. § 1651(a). When the prospective jurisdiction over an issue rests exclusively in the court of appeals, the district court necessarily has no power to grant interlocutory relief on that issue under the All Writs Act. *ALPA,* 750 F.2d at 84.

The scope of judicial review of final agency action includes the power to review the intermediate and procedural agency actions leading up to the final challenged result. *See* 5 U.S.C. § 704 ("A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."). Thus, on review of the final disposition of a rulemaking petition, intermediate agency actions in processing the petition are also subject to review. Because the court of appeals' jurisdiction to review the FAA's final disposition of Clark's petition is exclusive, its jurisdiction to review at that time any procedural irregularities, such as publishing a "misleading" summary in the Federal Register, is also exclusive. *Bonneville Power,* 767 F.2d at 627 (strong preference for reviewing all preliminary or ancillary issues in forum provided for final agency action). Because only the court of appeals had prospective jurisdiction over Clark's claim, the court of appeals' jurisdiction under the All Writs Act was exclusive.

■ Clark is mistaken in his assertion that the district court had jurisdiction under the federal question statute, 28 U.S.C. § 1331, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the mandamus statute, 28 U.S.C. § 1361. The district court's federal question jurisdiction is preempted by section 1006 of the Federal Aviation Act as to those classes of claims reviewable under section 1006. *See Bonneville Power,* 767 F.2d at 627. The FAA's disposition of rule-

---

1. On appeal, Clark filed a motion to strike the FAA's citation of supplemental authority, which relates to the issue of substantial justification. Because we base our decision on lack of juris-

diction and do not inquire into the FAA's justification for its actions, we find it unnecessary in resolving this appeal to rule on Clark's motion to strike.

making petitions is reviewable under section 1006, and Clark's suit regarding a step in the petition for rulemaking process, Federal Register publication, is within this class of claims. The district court's federal question jurisdiction in this case was thus preempted by section 1006. Nor does the Declaratory Judgment Act provide an independent jurisdictional basis; it affords a remedy only where subject matter jurisdiction is already established. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Finally, the mandamus statute, 28 U.S.C. § 1361 fails to confer jurisdiction in this case. Mandamus is available only when review by other means is impossible. *Telecommunications Research & Action Ctr. v. Federal Communications Comm'n*, 750 F.2d 70, 77–78 (D.C.Cir.1984) (citing *Kerr v. United States District Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976). Review of the publication at issue here is available in the court of appeals under section 1006 and the All Writs Act, and thus no jurisdiction lay under the mandamus statute. *See id.* In sum, the district court was without jurisdiction to hear Clark's claims.

### III

We acknowledge that, had the district court not dismissed the suit when the FAA agreed to verbatim publication of his summary, Clark might have sought transfer of his suit to the court of appeals. Jurisdictional defects that arise when a suit is filed in the wrong federal court may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631. Section 1631 provides:

> Whenever a civil action is filed in a [federal] court ... or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, *the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought* at the time it was filed or noticed, and the action or appeal shall proceed as if it had been

filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (1988) (emphasis added). The transfer statute does not help Clark, however. Section 1631 does not itself establish jurisdiction, but rather corrects lack of jurisdiction only in cases that are actually transferred or are at least transferable. *See Howitt v. United States Dep't of Commerce*, 897 F.2d 583, 584 (1st Cir.) (declining to treat case as transferred when Federal Circuit found transfer not in interests of justice), *cert. denied,* —— U.S. ——, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990); *ALPA*, 750 F.2d at 84–85 (considering case on merits as if transferred after dismissal without prejudice by district court). Clark's case was neither transferred nor transferable, and thus the federal transfer statute does not cure its inherent jurisdictional flaw so as to bring his request for costs and fees within the parameters of the EAJA.

Section 1631 permits transfer only when (1) a court exists in which the case could have been brought originally, and (2) the interests of justice would be served by the transfer. *See Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir.1989). Transfer is improper where the transferee court lacks jurisdiction and thus could not have originally heard the suit. *See Gioda v. Saipan Stevedoring Co., Inc.*, 855 F.2d 625, 629 (9th Cir.1988). Transfer is also improper where the plaintiff fails to make a prima facie showing of a right to relief, because the interests of justice would not be served by transfer of such a case. *Ferris v. Department of the Navy*, 810 F.2d 1121, 1123 (Fed.Cir.1987). As we discuss below, under these principles Clark's suit was not transferable, and its jurisdictional defect was therefore incurable.

### A

The FAA action Clark challenged, publication of a rule-making petition summary, was not "final" agency action, and therefore, the court of appeals

had no jurisdiction under section 1006 of the Federal Aviation Act to review it. *See, e.g., Nevada Airlines, Inc. v. Bond,* 622 F.2d at 1020 & n. 5; *Puget Sound Traffic Ass'n v. Civil Aeronautics Board,* 536 F.2d 437, 438–39 (D.C.Cir.1976). Although an agency's denial of a rulemaking petition is in general a final, reviewable action, *WWHT,* 656 F.2d at 809, agency inaction on a petition for rulemaking is not ripe for review where the inaction does not amount to a denial. *Consolidation Coal Co. v. Donovan,* 656 F.2d 910, 916 (3d Cir.1981).

Here, the FAA's publication of its own abbreviated summary and initial refusal to publish Clark's summary did not amount to a denial of Clark's rulemaking petition. It thus lacks the finality required for judicial review under section 1006. *See* Luneburg, *Petitions for Rulemaking: Federal Agency Practice and Recommendations for Improvement, Report to the Administrative Conference of the United States* 5 (1986) ("Publication in the Federal Register of the petition or a summary of it requesting comments from interested persons ... is an intermediate stage in the consideration of a proposal.... Logically there is no basis for considering [it] ... as a final affirmative disposition of a petition."), *reprinted in* 3 J. Stein, G. Mitchell & B. Mezines, *Administrative Law,* app. 15B at 15B–7 (1990). Instead, publication of the summary is a preliminary or procedural action subject to review upon final agency action on the rulemaking petition. *See* 5 U.S.C. § 704. Thus, jurisdiction to review the FAA's publication of its own summary under section 1006 would exist only when the agency either denied Clark's petition or promulgated final regulations. Because Clark's suit was premature, the court of appeals would have had no jurisdiction under section 1006.

### B

▆▆▆▆ Clark did not seek review of final FAA action under section 1006, but rather sought declaratory and injunctive relief to force the FAA to publish verbatim his petition summary. In "special circumstances" the court of appeals may exercise its jurisdiction under the All Writs Act to hear claims seeking interlocutory relief against pending administrative proceedings, and in certain cases transfer of an action seeking such relief may be proper. *Bonneville Power,* 767 F.2d at 630; *see, e.g., Public Utilities Commission of California v. Federal Energy Regulatory Commission,* 814 F.2d 560, 562 (9th Cir. 1987) *(PUC v. FERC).* This is not a case in which an exercise of jurisdiction would be proper, however, because Clark failed to state a colorable claim for interlocutory relief. Transfer, therefore, would not have been "in the interests of justice." *See Ferris,* 810 F.2d at 1123.

▆▆▆▆ The court of appeals has jurisdiction under the All Writs Act, 28 U.S.C. § 1651, to hear claims for interlocutory relief concerning nonfinal agency action. *Bonneville Power,* 767 F.2d at 630; *see Johnson,* 767 F.2d at 634; *ALPA,* 750 F.2d at 85. Judicial power under the All Writs Act, however, is narrowly circumscribed in the context of ongoing agency proceedings such as the rulemaking petition process. It is properly invoked only in extreme or extraordinary circumstances warranting disruption of the administrative process. *Johnson,* 767 F.2d at 634–35; *see Bonneville Power,* 767 F.2d at 630. To establish an entitlement to interlocutory relief, the party seeking such relief must show irreparable injury, that is, damage or prejudice not correctable on review of the final agency action. *PUC v. FERC,* 814 F.2d at 562; *Bonneville Power,* 767 F.2d at 630.

▆▆▆▆ The circumstances surrounding the FAA's handling of Clark's rulemaking petition were not extraordinary. Any injury Clark might have suffered because of the publication of an abbreviated summary was entirely too speculative to warrant relief under the All Writs Act. Moreover, any such injury would be correctable on review of the FAA's final disposition of Clark's petition for rulemaking. This review would include review of any intermediate irregularities in the rulemaking petition process, such as the publication of a misleading summary in the Federal Register. *See* 5 U.S.C. § 704. Adequate relief would

be available at that time in the form of a remand for republication of an accurate summary and an additional period for public comment, exactly what Clark sought to compel in his suit. *Cf. PUC v. FERC,* 814 F.2d at 562 (failure to hold hearing before issuing interim utility rates not an extraordinary situation because harm correctable on review of final rate order through remand for procedural compliance); *Johnson,* 767 F.2d at 630–31 (agency bias in rate-setting procedures correctable on review of final rate order through vacating rates and ordering refunds).

Clark has not made a colorable claim of irreparable harm, and thus has failed to make a prima facie showing of his entitlement to interlocutory relief. Where no colorable claim for relief has been shown, transfer is improper. *See Howitt,* 897 F.2d at 584 (transfer not in interests of justice because case sufficiently weak on merits); *Ferris,* 810 F.2d at 1122 (interests of justice requirement for transfer under § 1361 not satisfied where prima facie case not stated); *Bienville v. United States,* 14 Cl. Ct. 440, 445 (1988) (case proper for transfer only if complaint states a colorable cause of action). Therefore, even had Clark's case not been dismissed upon the FAA's compliance with his demands, it could not have been transferred to the court of appeals to cure its basic jurisdictional defect.

## CONCLUSION

The district court lacked subject matter jurisdiction over Clark's suit, precluding an award of attorney's fees and costs under the EAJA. This lack of jurisdiction was not cured by the federal transfer statute because the case was not transferable. Because we uphold the court's denial of costs and fees on this basis, we find it unnecessary to discuss the other requirements for an award under the EAJA.

AFFIRMED.