21 F.3d 1121
 73 A.F.T.R.2d 94-1818
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Daniel F. HAINES, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-9017.
 United States Court of Appeals, Tenth Circuit.
 April 7, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 SETH
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 On his federal income tax returns for the taxable years 1977-1981 and 1983, Appellant claimed deductions and investment tax credits arising from his investment in two limited partnerships, Saratoga Systems, Ltd. and Fortune Records. After an examination of the returns, Appellee Commissioner of Internal Revenue disallowed most of the deductions and credits, and as a consequence sent three notices of tax deficiencies to Appellant. Thereafter, Appellant petitioned the Tax Court for an abatement or redetermination of his tax liability. A lengthy procedural history followed that concluded when the Tax Court granted Appellee's motion for entry of judgment consistent with the court's prior unrelated decisions in Stahl v. Commissioner, 59 T.C.M. (CCH) 1003 (disallowing deductions and credits attributable to Saratoga Systems, Ltd.), and Grace v. Commissioner, 51 T.C.M. (CCH) 1484 (disallowing deductions and credits attributable to Fortune Records), and entered a judgment sustaining the tax deficiencies and additions as set forth in the three notices.
 
 
 4
 As a preliminary matter, we note that there is some discrepancy as to whether the Tenth Circuit is the proper venue for Appellant's lawsuit. While a transfer of this matter to a different jurisdiction is permissible, we agree with Appellee that the interests of justice and judicial economy do not support such a transfer, see Clark v. Busey, 959 F.2d 808, 813 (9th Cir.), particularly since the parties have expressed no desire to change venue.
 
 
 5
 We review Appellant's pro se appeal from the Tax Court's decision pursuant to the liberal construction standard espoused in Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.). After carefully reviewing the entire record, including Appellant's Reply Addendum, we discern Appellant's primary contention to be essentially that as a matter of law Appellee is not authorized to assess these particular taxes against Appellant. In support of this claim, Appellant makes numerous legal arguments including (1) the I.R.S. can only operate within Washington, D.C. or other exclusively federal territories; (2) Appellee has not been and cannot be delegated authority to administer Title 26 of the United States Code; (3) as a resident of Washington, Nevada or Colorado, Appellant is a nonresident alien who is not subject to federal taxation; (4) Appellee's powers have not been published so as to notify the public of potential taxation; and (5) there is no statutory authority for imposing individual income tax. These arguments and Appellant's other tangential claims related to these arguments repeatedly have been found to be meritless, frivolous, and otherwise spurious. See United States v. Collins, 920 F.2d 619 (10th Cir.); Lonsdale v. United States, 919 F.2d 1440 (10th Cir.); Charczuk v. Commissioner, 771 F.2d 471 (10th Cir.). We see no reason to disagree with these prior decisions.
 
 
 6
 Appellant also raises issues concerning Appellee's compliance with applicable notice procedures, the sufficiency of the three notices of deficiencies, and alleged fraud and misrepresentation by an I.R.S. attorney. We have fully examined these contentions and find them to be wholly lacking in legal or factual support.
 
 
 7
 Despite our holding, we will refrain at this time from imposing sanctions on Appellant. However, should Appellant persist in advancing these or other patently frivolous arguments in conjunction with this suit, we will be compelled to administer appropriate sanctions.
 
 
 8
 Accordingly, the decision of the Tax Court is AFFIRMED. Appellant's Petition to Not Publish and to Seal Both Records is DENIED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470