28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth A. BELLOWS, Plaintiff-Appellant,
v.
Samuel K. SKINNER, Secretary, Department of Transportation;
James B. Busey IV, Administrator, Federal Aviation
Administration; J. Dean McGrath Jr., Acting General
Counsel, Department of Transportation; Neil R. Eisner,
Assistant General Counsel, Department of Transportation;
Kenneth P. Quinn, Chief Counsel, Federal Aviation
Administration; Gregory S. Walden, former Chief Counsel,
Federal Aviation Administration; E. Tazewell Ellett, former
Chief Counsel, Federal Aviation Administration; Daniel D.
Campbell, General Counsel, National Transportation Safety
Board; John M. Stuhldreher, former General Counsel,
National Transportation Safety Board; John H. Cassady,
Deputy Chief Counsel, Federal Aviation Administration;
Donald P. Byrne, Assistant Chief Counsel, Federal Aviation
Administration; Peter J. Lynch, lawyer, Federal Aviation
Administration; Mardi R. Thompson, lawyer, Federal Aviation
Administration; Karen R. Bury, lawyer, Federal Aviation
Administration; Joseph A. Conte, lawyer, Federal Aviation
Administration; Harry S. Gold, lawyer, Federal Aviation
Administration; John C. Curry, Assistant Chief Counsel,
Federal Aviation Administration; Donald H. Boberick, former
Regional Counsel, Federal Aviation Administration; Leland
S. Edwards Jr., lawyer, Federal Aviation Administration;
Delinda Wall, lawyer, Federal Aviation Administration,
Defendants-Appellees.
Dane T. ROUNDTREE, Plaintiff-Appellant,
v.
Samuel K. SKINNER, Secretary, Department of Transportation;
James B. Busey IV, Administrator, Federal Aviation
Administration; C. Dean McGrath Jr., Acting General
Counsel, Department of Transportation; Neil R. Eisner,
Assistant General Counsel, Department of Transportation;
Kenneth P. Quinn, Chief Counsel, Federal Aviation
Administration; Gregory S. Walden, former Chief Counsel,
Federal Aviation Administration; Daniel D. Campbell,
General Counsel, National Transportation Safety Board; John
M. Stuhldreher, former General Counsel, National
Transportation Safety Board; John H. Cassady, Deputy Chief
Counsel, Federal Aviation Administration; Donald P. Byrne,
Assistant Chief Counsel, Federal Aviation Administration;
Peter J. Lynch, lawyer, Federal Aviation Administration;
Mardi R. Thompson, lawyer, Federal Aviation Administration;
Karen R. Bury, lawyer, Federal Aviation Administration;
Joseph A. Conte, lawyer, Federal Aviation Administration;
Harry S. Gold, lawyer, Federal Aviation Administration;
John C. Curry, Assistant Chief Counsel, Federal Aviation
Administration; Delinda L. Wall, lawyer, Federal Aviation
Administration; Donald E. Borey, lawyer, Federal Aviation
Administration; Howard L. Martin Jr., lawyer, Federal
Aviation Administration; Frank L. Cunningham, former
official, Federal Aviation Administration; Thomas S.
Westall, former official, Federal Aviation Administration;
C. Jonathan Tamplin, inspector, Federal Aviation
Administration; James E. McCoy, inspector, Federal Aviation
Administration; John R. Hallinan, inspector, Federal
Aviation Administration; Paul Steucke, an official, Federal
Aviation Administration, Defendants-Appellees.
In re Lawrence B. SMITH, Attorney for Plaintiffs, Rule 11
Sanctions, Respondent-Appellant.
Kenneth A. BELLOWS, Plaintiff,
v.
Samuel K. SKINNER, Secretary, Department of Transportation;
James B. Busey IV, Administrator, Federal Aviation
Administration; J. Dean McGrath Jr., Acting General
Counsel, Department of Transportation; Neil R. Eisner,
Assistant General Counsel, Department of Transportation;
Kenneth P. Quinn, Chief Counsel, Federal Aviation
Administration; Gregory S. Walden, former Chief Counsel,
Federal Aviation Administration; E. Tazewell Ellett, former
Chief Counsel, Federal Aviation Administration; Daniel D.
Campbell, General Counsel, National Transportation Safety
Board; John M. Stuhldreher, former General Counsel,
National Transportation Safety Board; John H. Cassady,
Deputy Chief Counsel, Federal Aviation Administration;
Donald P. Byrne, Assistant Chief Counsel, Federal Aviation
Administration; Peter J. Lynch, lawyer, Federal Aviation
Administration; Mardi R. Thompson, lawyer, Federal Aviation
Administration; Karen R. Bury, lawyer, Federal Aviation
Administration; Joseph A. Conte, lawyer, Federal Aviation
Administration; Harry S. Gold, lawyer, Federal Aviation
Administration; John C. Curry, Assistant Chief Counsel,
Federal Aviation Administration; Donald H. Boberick, former
Regional Counsel, Federal Aviation Administration; Leland
S. Edwards Jr., lawyer, Federal Aviation Administration;
Delinda Wall, lawyer, Federal Aviation Administration,
Defendants-Appellees.
Dane T. ROUNDTREE, Plaintiff,
v.
Samuel K. SKINNER, Secretary, Department of Transportation;
James B. Busey IV, Administrator, Federal Aviation
Administration; C. Dean McGrath Jr., Acting General
Counsel, Department of Transportation; Neil R. Eisner,
Assistant General Counsel, Department of Transportation;
Kenneth P. Quinn, Chief Counsel, Federal Aviation
Administration; Gregory S. Walden, former Chief Counsel,
Federal Aviation Administration; Daniel D. Campbell,
General Counsel, National Transportation Safety Board; John
M. Stuhldreher, former General Counsel, National
Transportation Safety Board; John H. Cassady, Deputy Chief
Counsel, Federal Aviation Administration; Donald P. Byrne,
Assistant Chief Counsel, Federal Aviation Administration;
Peter J. Lynch, lawyer, Federal Aviation Administration;
Mardi R. Thompson, lawyer, Federal Aviation Administration;
Karen R. Bury, lawyer, Federal Aviation Administration;
Joseph A. Conte, lawyer, Federal Aviation Administration;
Harry S. Gold, lawyer, Federal Aviation Administration;
John C. Curry, Assistant Chief Counsel, Federal Aviation
Administration; Delinda L. Wall, lawyer, Federal Aviation
Administration; Donald E. Borey, lawyer, Federal Aviation
Administration; Howard L. Martin Jr., lawyer, Federal
Aviation Administration; Frank L. Cunningham, former
official, Federal Aviation Administration; Thomas S.
Westall, former official, Federal Aviation Administration;
C. Jonathan Tamplin, inspector, Federal Aviation
Administration; James E. McCoy, inspector, Federal Aviation
Administration; John R. Hallinan, inspector, Federal
Aviation Administration; Paul Steucke, an official, Federal
Aviation Administration, Defendants-Appellees.
 Nos. 92-36954, 93-35347.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 17, 1994.
Decided June 24, 1994.
 
 1
 Before: REINHARDT and LEAVY, Circuit Judges, and McLAUGHLIN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Kenneth Bellows and Dane Roundtree ("Plaintiffs") filed separate Bivens-type complaints in federal district court against numerous present and former government officials ("Defendants") as the result of the temporary suspension of Plaintiffs' FAA certificates. The district court ordered the two actions consolidated and later granted Defendants' motions to dismiss on the ground that Plaintiffs had failed to plead their claims with sufficient particularity. The dismissal order gave Plaintiffs thirty days in which to amend their complaints; the court warned them, however, that failure to meet the deadline would transform the dismissal from being without prejudice into a dismissal with prejudice.
 
 
 4
 Plaintiffs failed to meet the deadline. Instead, they requested an enlargement of time, which the district court denied. Plaintiffs them filed a second motion for extension and tardily attempted to file their amended complaints. The district court denied the supplementary extension motion, and Plaintiffs appealed. Defendants then moved for sanctions under Fed.R.Civ.P. 11 against Plaintiffs' counsel. The district court granted the motion and counsel moved for reconsideration. The district court denied the motion to reconsider, and counsel has timely appealed.
 
 I. 92-36954
 
 5
 The district court construed Plaintiffs' supplementary motion as a request for relief under Fed.R.Civ.P. 60.[1] We note in passing that, because Plaintiffs' motion was filed within ten days of the entry of judgment, the district court could also have treated it as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). Regardless of how the motion is construed, however, we must review for an abuse of discretion the district court's decision to deny the relief requested, see School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993), while examining de novo the underlying dismissal for failure to plead with sufficient particularity. Cf. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir.1987) (failure to plead fraud with sufficient particularity as required by Fed.R.Civ.P. 9(b) reviewed same as failure to state claim under Rule 12(b)(6)).
 
 
 6
 Claims similar to those asserted by Plaintiffs have been rejected on the merits in a host of cases filed throughout the country, see e.g. Knipe v. Skinner, 999 F.2d 708, 710 (2d Cir.1993), including at least one decided by this court that was filed by the same attorney representing Plaintiffs. Go Leasing, Inc. v. National Transp. Safety Bd., 800 F.2d 1514, 1518-26 (9th Cir.1986).[2] In the light of the above and of recent Supreme Court pronouncements on the scope of qualified immunity enjoyed by federal government officials exercising their discretionary authority, see e.g. Hunter v. Bryant, --- U.S. ----, ----, 112 S.Ct. 534, 536-37 (1991) (per curiam), and owing to the absence of a good excuse for Plaintiffs' failure to meet the filing deadline, we find no abuse of discretion in the district court's decision not to set aside its prior ruling in favor of Defendants.
 
 II. 93-35347
 
 7
 Lawrence B. Smith, Plaintiffs' counsel, appeals from the denial of his motion to reconsider the district court's imposition of sanctions under Fed.R.Civ.P. 11. For the reasons so cogently and persuasively set out in Knipe v. Skinner, 19 F.3d 72, 75-78 (2d Cir.1994), we conclude that, while the district court did not abuse its discretion by ruling as it did under former Rule 11, we must remand so that the district court may exercise its discretion whether to impose sanctions in the light of the 1993 amendments to Rule 11. See id. at 78. Like the Knipe court, we are mindful that Rule 11 sanctions should be used with caution. Id.
 
 
 8
 AFFIRMED in part and REMANDED for further proceedings. Each side will bear its own costs on appeal.
 
 
 
 *
 The Honorable Linda Hodge McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's order stated, in relevant part:
 Since plaintiffs did not comply with this court's order of July 28, 1992 [i.e., giving them thirty days in which to file amended complaints], the dismissal in that order became with prejudice and constituted a final judgment against plaintiffs on August 31, 1992. As a final judgment it could only be set aside pursuant to Federal Rule of Civil Procedure 60.
 CR 44.
 
 
 [2]
 Go Leasing involved a petition for review of a final decision of the FAA under 49 U.S.C.App. Sec. 1486(a), rather than a direct appeal under 28 U.S.C. Sec. 1291 of a final district court judgment. Although the federal courts of appeals have exclusive jurisdiction over such administrative challenges, see Clark v. Busey, 959 F.2d 808, 811-12 (9th Cir.1992), the point is irrelevant to our holding here