47 F.3d 990
 1995-1 Trade Cases P 70,892
 WEIGHT WATCHERS INTERNATIONAL, INC.; Weight Watchers of
Greater Washington State, Inc., Plaintiffs-Appellants,
v.
FEDERAL TRADE COMMISSION; Janet T. Steiger; Mary L.
Azcuenaga; Deborah K. Owen; Roscoe B. Starek,
III, Defendants-Appellees.
 No. 93-35850.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Memorandum Nov. 25, 1994.
Order and Opinion Feb. 7, 1995.
 
 Keith E. Pugh, Jr., Edward P. Henneberry, Jerrold J. Ganzfried (argued), Michael P.A. Cohen, Howrey & Simon, Washington, DC, Peter D. Byrnes, Byrnes & Keller, Seattle, WA, for plaintiffs-appellants.
 Thomas M. Bondy, U.S. Dept. of Justice, Washington, DC, for defendants-appellees.
 ORDER
 The Memorandum filed on November 25, 1994, is redesignated as an authored opinion with minor modifications.
 Appeal from the United States District Court for the Western District of Washington.
 Before: LAY,* TROTT and T.G. NELSON, Circuit Judges.
 OPINION
 T.G. NELSON, Circuit Judge:
 
 
 1
 * Weight Watchers International and Weight Watchers of Greater Washington State ("WW") appeal the district court's dismissal of their claim that the Federal Trade Commission ("FTC" or "Commission") violated statutory requirements for rulemaking by impermissibly altering the existing legal guidelines regulating the weight loss industry on an adjudicatory case-by-case basis. The district court, holding that the action was premature and therefore not justiciable, dismissed for lack of jurisdiction and, sua sponte, with respect to WW's due process argument, for failure to state a claim. Weight Watchers v. Federal Trade Comm'n, 830 F.Supp. 539 (N.D.Wash.1993). We affirm in part, reverse in part, and remand.
 
 II
 
 2
 The underlying dispute between Weight Watchers and the Federal Trade Commission ("FTC") concerns Weight Watchers' allegation that the FTC is making new rules to regulate the weight loss industry without following the procedures laid out in the FTC rulemaking statute, 15 U.S.C. Sec. 57a(b).[1] Weight Watchers contends that the agency is circumventing the rulemaking statute by proceeding improperly to effect regulatory changes through adjudication. The FTC denies that it is engaged in rulemaking.[2]
 
 III
 
 3
 The Administrative Procedure Act ("APA") provides that:
 
 
 4
 Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.... Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order.
 
 
 5
 5 U.S.C. Sec. 704.
 
 
 6
 It further provides that the reviewing court shall:
 
 
 7
 (1) compel agency action unlawfully withheld or unreasonably delayed; and
 
 
 8
 (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
 
 
 9
 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 10
 (B) contrary to constitutional right, power, privilege, or immunity;
 
 
 11
 (C) in excess of statutory jurisdiction, authority, or limitation, or short of statutory right;
 
 
 12
 (D) without observance of procedure required by law;
 
 
 13
 (E) unsupported by substantial evidence ...; or
 
 
 14
 (F) unwarranted by the facts....
 
 
 15
 5 U.S.C. Sec. 706.
 
 
 16
 "An agency's denial of a petition for rulemaking constitutes final, reviewable agency action, except where there is evidence of a clear and convincing legislative intent to negate review." Clark v. Busey, 959 F.2d 808, 811 (9th Cir.1992) (quoting WWHT, Inc. v. FCC, 656 F.2d 807, 809 (D.C.Cir.1981) (internal quotations omitted)). See also Federal Communications Comm'n v. ITT World Communications, Inc., 466 U.S. 463, 468, 104 S.Ct. 1936, 1939, 80 L.Ed.2d 480 (1984); Her Majesty the Queen in Right of Ontario v. EPA, 912 F.2d 1525, 1531 (D.C.Cir.1990); General Motors Corp. v. National Highway Traffic Safety Admin., 898 F.2d 165, 169 (D.C.Cir.1990) (all holding that denials of rulemaking petitions are final agency actions with respect to the agency involved).
 
 
 17
 While it is true that most of the cases cited deal with the parties' efforts to initiate agency action (see e.g., WWHT, 656 F.2d 807; Her Majesty, 912 F.2d 1525), or with retroactive rulemaking (see e.g., General Motors Corp., 898 F.2d 165), rather than with "spurious" rulemaking, or the anticipated effects thereof, it is by no means clear that Weight Watchers' allegation of injuries caused by adjudicatory activities renders the denial of its rulemaking petition anything other than a final action. At least one case, moreover, deals with anticipated agency action. See ITT, 466 U.S. at 465, 104 S.Ct. at 1938 (rulemaking petition asked that agency disclaim intent to negotiate with foreign states).
 
 
 18
 Because there does not appear to be any legislative intent to preclude review of FTC denial of rulemaking petitions, and because such denials appear to be final orders as a matter of law, we hold that the district court has jurisdiction to review the FTC's denial of the rulemaking petition under the APA and 28 U.S.C. Sec. 1331. Where an agency's refusal to institute a rulemaking is held to be final agency action subject to judicial review, it is reviewed under the arbitrary and capricious standard of 5 U.S.C. Sec. 706(2)(A). General Motors Corp., 898 F.2d at 169. Therefore, the district court erred when it held that this portion of Weight Watchers' claim was nonjusticable.
 
 IV
 
 19
 As to Weight Watchers' claim that its due process rights were violated by the FTC's failure to proceed with rulemaking, we hold that the district court did not abuse its discretion in dismissing this claim sua sponte under Fed.R.Civ.P. 12(b)(6). Taking all allegations of material fact as true, and construing them in the light most favorable to Weight Watchers, see Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 599, 121 L.Ed.2d 536 (1992), we nevertheless hold that the dismissed complaint pertains to issues which are not yet ripe for review. See FTC v. Standard Oil, 449 U.S. 232, 239, 101 S.Ct. 488, 492, 66 L.Ed.2d 416 (1980). While the district court must accept for review the FTC's denial of the rulemaking petition, it may neither enjoin the agency's ongoing investigation of the weight loss industry, nor require the FTC to proceed by rulemaking rather than adjudication, until the FTC has issued a final order against the moving party. Cease-and-desist orders issued by the FTC are appealed directly to the court of appeals. 15 U.S.C. Sec. 45(d).
 
 V
 
 20
 For the foregoing reasons, we AFFIRM the district court's dismissal of Weight Watchers' due process claim. We REVERSE on the question of jurisdiction or justiciability of the FTC's denial of Weight Watchers' rulemaking petition, and REMAND to the district court for review of the order denying the petition under the arbitrary and capricious standard. 5 U.S.C. Sec. 706(2)(A).
 
 
 21
 AFFIRMED in part, REVERSED in part, and REMANDED. No costs allowed.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 Title 15 U.S.C. Sec. 57a(a)(1) provides that the FTC may prescribe:
 (A) interpretive rules and general statements of policy with respect to unfair or deceptive acts or practices in or affecting commerce [under 15 U.S.C. Sec. 45(a)(1) ], and
 (B) rules which define with specificity acts or practices which are unfair or deceptive acts or practices in or affecting commerce....
 When prescribing a rule under subsection (B), the Commission is required to proceed in accordance with section 553 of Title 5, U.S.C., and:
 (A) publish a notice of proposed rulemaking stating with particularity the text of the rule, including any alternatives, which the Commission proposes to promulgate, and the reason for the proposed rule;
 (B) allow interested persons to submit written data, views, and arguments, and make all such submissions publicly available;
 (C) provide an opportunity for an informal hearing ...; and
 (D) promulgate, if appropriate, a final rule ... together with a statement of basis and purpose.
 15 U.S.C. Sec. 57a(b)(1).
 
 
 [2]
 A rulemaking document which cannot be characterized as interpreting existing legislation, and which has legal effect, is subject to comment and notice procedures. See R. Anthony, " 'Interpretive' Rules, 'Legislative' Rules and 'Spurious' Rules: lifting the smog," 8 Admin.L.J.Am.U. 1 (1994); American Mining Congress v. Mine Safety and Health Admin., 995 F.2d 1106, 1112 (D.C.Cir.1993) (discussing "legal effect")