141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
City of Reno, Plaintiff-Appellant,
v.
Surface Transportation Board, of the United States, Defendant-Appellee,
and
UNION PACIFIC RAILROAD COMPANY; Southern Pacific
Transportation Company, Intervenors-Appellees.
 No. 97-15562.
DC No. CV 96-0441 HDM.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1998.
Decided Mar. 12, 1998.
 
 Appeal from the United States District Court for the District of Nevada Howard D. McKibben, District Judge, Presiding.
 Before SCHROEDER, FARRIS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The City of Reno ("City") filed suit against the Surface Transportation Board ("STB") in the Federal District Court for the District of Nevada. The City sought mandamus relief ordering the STB to prepare an environmental impact statement under the National Environmental Policy Act of 1969, 42 U.S.C. § 4332, and to make a conformity determination under the Clean Air Act, 42 U.S.C. § 7506(c)(1). The district court dismissed the case for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The parties are familiar with the background of this case, and we do not repeat it here.
 
 1. The District Court's Jurisdiction
 
 3
 All parties agree, correctly, that a challenge to a final order of the STB may be brought only in the court of appeals. The Hobbs Act provides: "The court of appeals ... has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or determine the validity of ... all rules, regulations, or final orders of the Surface Transportation Board ...." 28 U.S.C. § 2342 (emphasis added). See also General Atomics v. United States NRC, 75 F.3d 536, 539 (9th Cir.1996) (Hobbs Act is read broadly to include challenges to decisions that are preliminary or incidental to a final decision).
 
 
 4
 The City contends that the Hobbs Act does not apply because it is not seeking review of a "final" decision; rather, it wants "interlocutory" or "mandamus" review of ongoing agency action. We have held, however, that when a statute vests exclusive jurisdiction in the court of appeals to review a final agency order, the statute impliedly divests the district court of jurisdiction to issue interlocutory or mandamus relief. Clark v. Busey, 959 F.2d 808, 811 (9th Cir.1992); Public Util. Comm'r v. Bonneville Power Admin., 767 F.2d 622, 626 (9th Cir.1985). Thus, there is no merit to the City's argument that the district court had jurisdiction over this case. Under Clark and Bonneville Power, § 2342 completely divests the district court of all jurisdiction in a case challenging the validity of an STB order.
 
 2. Transfer
 
 5
 We also reject the City's argument that the district court should have transferred this case to the court of appeals under 28 U.S.C. § 1631, or that we should deem the case transferred. Transfer is appropriate under § 1631 only if "a court exists in which the case could have been brought originally," Clark, 959 F.2d at 812, and only if transfer "is in the interest of justice." 28 U.S.C. § 1631.
 
 
 6
 No court had jurisdiction over this case under § 2342. As explained above, the district court was impliedly divested of jurisdiction by § 2342. This court also lacked jurisdiction under § 2342 because the STB's decision was not final at the time the City sued, and a subsequent final decision by an agency does not confer jurisdiction on a previously premature claim. Public Citizen v. NRC, 845 F.2d 1105, 1107 (D.C.Cir.1988).
 
 
 7
 However, at the time the City filed suit, this court could have had jurisdiction over this case under the All Writs Act, 28 U.S.C. § 1651(a). The Act gives us interlocutory jurisdiction over non-final agency action in aid of our prospective jurisdiction over final agency action under § 2342. Clark, 959 F.2d at 811. Nonetheless, transfer would not have been "in the interest of justice," 28 U.S.C. § 1631, for two reasons. First, this case does not merit review by mandamus. We have emphasized that interlocutory relief is an extraordinary remedy that will be used only in grave circumstances involving irreparable harm to a plaintiff which cannot be corrected in the normal process of review. Clark, 959 F.2d at 811 ("extreme or extraordinary circumstances warranting disruption of the administrative process"); Public Util. Comm'n v. FERC, 814 F.2d 560, 562 (9th Cir.1987) ("Mandamus is a drastic remedy that will be invoked only in extraordinary situations .... Our use of the writ in administrative cases is even more rare.") (citations omitted); Bonneville Power, 767 F.2d at 630 ("irreparable injury that is not correctable on review of final [agency] action"). The City has not made an adequate showing that the relief it sought could not have been afforded by a normal petition for review after a final agency decision.
 
 
 8
 Furthermore, even if transfer had been appropriate at the time the City filed suit, it would no longer be appropriate now. In addition to the instant case, the City has filed another action challenging the final STB decision, raising exactly the same issues as this case. The Judicial Panel on Multidistrict Litigation has assigned that other action to the United States Court of Appeals for the District of Columbia Circuit, and continued adjudication of the instant case in the Ninth Circuit would contravene the uniformity of decision making contemplated by 28 U.S.C. § 2112(a)(3).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of the circuit, except as provided by Ninth Cir. R. 36-3