**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND ARJMAND, *Petitioner*, v. U.S. DEPARTMENT OF HOMELAND SECURITY; JEH JOHNSON, in his official capacity as the Secretary of Homeland Security; TRANSPORTATION SECURITY ADMINISTRATION; JOHN S. PISTOLE, in his official capacity as Administrator of the Transportation Security Administration; TERRORIST SCREENING CENTER; CHRISTOPHER M. PIEHOTA, in his official capacity as Director of Terrorist Screening Center, *Respondents*. | No. 12-71748 OPINION |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted February 10, 2014[*]
Pasadena, California

_____

[*] The panel unanimously concluded that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed March 24, 2014

Before: Dorothy W. Nelson, Richard A. Paez, and
Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge D.W. Nelson

## SUMMARY[**]

**Watch List / Appellate Jurisdiction**

The panel held that this court lacked jurisdiction over a petition seeking review of a determination letter issued by the U.S. Department of Homeland Security, and transferred the petition to the United States District Court for the Central District of California for further proceedings.

The petitioner sought disclosure of his watchlist status, a meaningful opportunity to contest inclusion on any watchlist, and removal from all government watchlists. The watchlist at issue is the federal Consolidated Terrorist Screening Database, which is maintained by the Terrorist Screening Center ("TSC"), and complaints related to the Database are processed through the Department of Homeland Security Traveler Redress Inquiry Program.

The panel held that it lacked original jurisdiction over petitioner's claims because 49 U.S.C. § 46110 did not grant circuit courts jurisdiction to review TSC orders, and therefore

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

did not grant jurisdiction over claims seeking removal from the Database. The panel also held that although this court lacked original jurisdiction, these jurisdictional defects would not exist in a district court.

## COUNSEL

Nancy Ellen Miller and Eric Robert Welsh, Reeves & Associates, APLC, Pasadena, California, for Petitioner.

Henry Charles Whitaker, Mark B. Stern, and Sharon Swingle, United States Department of Justice, Washington, D.C., for Respondents.

## OPINION

NELSON, Senior Circuit Judge:

Raymond Arjmand filed a petition in this court seeking review of a determination letter issued by the Department of Homeland Security (DHS). Arjmand seeks to know whether his name appears on a government terrorism watchlist, and if so, he seeks either immediate removal from all watchlists or a meaningful opportunity to seek removal.

We conclude that we lack jurisdiction over Arjmand's claims, and transfer this case to the United States District Court for the Central District of California for further proceedings.

## Background

## I. Arjmand's Travel, Detention, and Administrative Complaint

Arjmand is an American citizen who was born in Iran. Shortly before boarding a flight to the United States from Canada, U.S. Customs and Border Protection officers detained Arjmand and his wife for two hours and searched their belongings. Roughly one year later, Arjmand was subject to another search and lengthy detention at Los Angeles International Airport after returning with his family from a vacation in Mexico. Arjmand has never been prohibited from boarding a flight. He has since ceased traveling abroad, fearing additional embarrassing delays.

Concerned that his name was mistakenly included on a government terrorism watchlist, Arjmand submitted a complaint through the DHS Traveler Redress Inquiry Program (DHS TRIP), which, as described in more detail below, is the federal government's "clearinghouse" for grievances related to travel screening. *Latif v. Holder*, 686 F.3d 1122, 1125 (9th Cir. 2012). Arjmand's complaint alleged that there was no basis for subjecting him to additional security screening, and stated his concern that he was subject to discrimination due to his race, religion, ethnicity, or national origin.

In response, DHS issued Arjmand a letter, stating that "DHS has researched and completed our review of your case" and "made any corrections to records that our inquiries determined were necessary." The letter did not, however, disclose Arjmand's watchlist status, did not explain why he was subjected to additional screening at the border, and stated

that DHS "cannot ensure your travel will be delay-free." The letter claimed that its conclusions were "reviewable by the United States Court of Appeals under 49 U.S.C. § 46110."

Arjmand subsequently filed a petition for review in this court, seeking disclosure of his watchlist status, a meaningful opportunity to contest inclusion on any watchlist, and removal from all government watchlists.

## II.  Government Watchlists and the DHS TRIP

The watchlist at issue in this case is the Consolidated Terrorist Screening Database (TSDB). This list was created in the wake of the September 11 terrorist attacks, and is used to share counter-terrorism information between government agencies. The TSDB contains names of and identifying information for individuals suspected of having ties to terrorism. It is maintained by the Terrorist Screening Center (TSC), a multi-agency federal government center administered by the FBI.

Traveler complaints related to the TSDB—such as Arjmand's—are not processed directly by TSC. Instead, travelers must file complaints through the DHS TRIP. The DHS TRIP is administered by the Transportation Security Administration (TSA), and functions as follows.

A traveler initiates the DHS TRIP process by filling out an online or print complaint form. TSA then reviews the traveler's complaint to determine whether the traveler's name and identifying information match an entry on the TSDB. If there is no match, the review process ends there and TSA takes appropriate actions to address any misidentifications that might have taken place. If, however, the traveler does

match a TSDB entry, DHS refers the complaint to TSC for further review. TSC then completes an independent review of the traveler's record, and notifies TSA of the result.

Once DHS TRIP review is complete, TSA sends a "determination letter" to the traveler. As in Arjmand's case, determination letters do not notify the traveler whether he or she was, or still is, included on the TSDB.

## Discussion

Both Arjmand and the government claim that we have original jurisdiction under 49 U.S.C. § 46110, the statute mentioned in Arjmand's determination letter. This statute "grants exclusive jurisdiction to the federal courts of appeals to 'review' the 'order[s]' of a number of agencies, including the Transportation Security Administration." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1254 (9th Cir. 2008) (quoting *Clark v. Busey*, 959 F.2d 808, 811–12 (9th Cir. 1992)) (alteration in original); 49 U.S.C. § 46110(a). Section 46110 does not, however, grant circuit courts jurisdiction to review orders issued by TSC. *Ibrahim*, 538 F.3d at 1255.

As we explained in *Latif v. Holder*, § 46110 does not grant circuit courts jurisdiction over broad constitutional claims—such as Arjmand's—that seek removal from the TSDB. *See Latif*, 686 F.3d at 1129. The basis of our holding was straightforward. Because TSC administers the TSDB, a court needs jurisdiction over TSC to grant meaningful relief to a plaintiff seeking removal from the TSDB. *Id.* at 1127. Thus, since § 46110 does not grant circuit courts jurisdiction to review TSC orders, the statute cannot grant jurisdiction over claims seeking removal from the TSDB. Therefore,

under *Latif*, we lack original jurisdiction over Arjmand's claims.

The government attempts to distinguish *Latif*, arguing that jurisdiction exists because Arjmand—unlike the *Latif* plaintiffs—has brought his claims through a petition to review his DHS TRIP determination letter. This argument is unpersuasive. Arjmand, like the plaintiffs in *Latif*, has raised "broad constitutional claims that do not require review of the merits of [his] individual DHS TRIP grievance[]." *Id.* at 1129. Even though Arjmand has pursued those claims through a petition challenging his DHS TRIP determination letter, the *relief* he seeks is confirmation of his watchlist status and, if present on the TSDB, removal from the list or a meaningful opportunity to contest his inclusion on the list. *Latif* holds that jurisdiction over claims seeking this relief does not exist under § 46110. *See id*. at 1127, 1129. Thus, the difference in procedural posture is not relevant, because our "lack of jurisdiction under § 46110 . . . arises from the unique relationship between TSA and TSC in processing traveler grievances," not from the formal mechanism a traveler uses to pursue claims challenging the administration of the TSDB. *Id*. at 1129.

In fact, there is only one difference between the relief sought here and the relief sought by the *Latif* plaintiffs: Arjmand is seeking disclosure of his TSDB status, and no comparable claim was alleged in *Latif*. But this difference is not material. It is TSC's policy not to disclose an individual's watchlist status due to national security concerns. Therefore, the fundamental problem remains that Arjmand cannot be granted relief without reviewing and modifying TSC orders, which cannot be done under § 46110.

Although this court lacks original jurisdiction over Arjmand's claims, the jurisdictional defects that prevent us from hearing Arjmand's claims would not exist in a district court. *Latif*, 686 F.3d at 1130. We therefore transfer this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1631. *Clark*, 959 F.2d at 812 ("Jurisdictional defects that arise when a suit is filed in the wrong federal court may be cured by transfer under the federal transfer statute. . . ."). "By transferring this appeal, we do not purport to rule on the district court's jurisdiction. That is an issue for it to determine." *City of Alameda v. F.A.A.*, 285 F.3d 1143, 1145 n.4 (9th Cir. 2002).

## Conclusion

We reaffirm our holding in *Latif*, and clarify that it is applicable even where a traveler's claims are brought as a challenge to a DHS TRIP determination letter. **TRANSFERRED** to the District Court for the Central District of California.