**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN ERSKINE, | No. 21-15373 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-08123-JJT |
| v. | |
| FORREST FENN; ZOE FENN OLD, in her capacity as the Personal Representative of the Estate of Forrest Burke Fenn, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Brian Erskine appeals pro se from the district court's judgment dismissing

for lack of personal jurisdiction his diversity action alleging breach of contract and

denying his request to transfer the action to the District of New Mexico under 28

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1631. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (district court's dismissal of a complaint without leave to amend); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (district court's refusal to transfer a case under 28 U.S.C. § 1631). We affirm.

In his opening brief, Erskine fails to address the district court's dismissal on the basis of personal jurisdiction, and he has therefore waived his challenge to the district court's order on this issue. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court did not abuse its discretion by dismissing Erskine's complaint without leave to amend because it was clear that amendment could not cure the lack of personal jurisdiction. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

The district court did not abuse its discretion by declining, in the interest of justice, to transfer the action to the District of New Mexico. *See* 28 U.S.C. § 1631;

21-15373

*Clark v. Busey*, 959 F.2d 808, 813 (9th Cir. 1992) (affirming district court's refusal to transfer case that failed to state a colorable claim); *McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 591 (9th Cir. 1983) (determining that transfer of action was "not necessary to advance the interests of justice" because appellants could refile within the statute of limitations).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motion for judicial notice (Docket Entry No. 12) is granted. All other pending requests are denied.

**AFFIRMED.**