HAWAII HELICOPTER OPERATORS ASSOCIATION, Petitioner,

v.

FEDERAL AVIATION ADMINISTRATION, Respondent.

No. 94–70703.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 1995.

Decided March 29, 1995.

Patricia Barlow, Carole Morrell, Elliott Myles, Law Offices of Patricia Barlow, San Francisco, CA, for petitioner.

Timothy P. Melcher, F.A.A., Washington, DC, for respondent.

Before: GOODWIN and SCHROEDER, Circuit Judges, and TASHIMA,* District Judge. ˙

SCHROEDER, Circuit Judge:

The Hawaii Helicopter Operators Association ("HHOA") petitions, pursuant to 49 U.S.C. § 46110(a), for review of the Federal Aviation Administration's issuance of Special Federal Aviation Regulation ("SFAR") No. 71 establishing special operating rules, procedures and limitations for airplane and helicopter air tour operators in Hawaii. The regulation was promulgated on an emergency

---

* Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

basis pursuant to the exception contained in 5 U.S.C. § 553, which exempts an agency from complying with the notice and comment requirements of the Administrative Procedure Act ("APA") where good cause exists. HHOA's principal grievance is with SFAR No. 71's prohibition against air tour aircraft flying below a minimum altitude of 1,500 feet. HHOA also objects to the requirements that helicopters be amphibious and equipped with emergency flotation gear, or that each person on board wear approved flotation gear.

The FAA promulgated SFAR No. 71 after a series of seven helicopter accidents involving four fatalities, which occurred in the first nine months of 1994. The regulation was promulgated September 26, 1994. It became effective on October 26, 1994.

HHOA initially contends that the FAA improperly invoked 5 U.S.C. § 553(b)(B), the good cause exception to the notice and comment requirements of the APA's rule-making provision. The APA provides that notice and comment may be waived by an agency when it "for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. § 553(b)(B).

■ This court has said that our "inquiry into whether the Secretary properly invoked 'good cause' proceeds case-by-case, sensitive to the totality of the factors at play." *Alcaraz v. Block,* 746 F.2d 593, 612 (9th Cir.1984). We have observed that notice and comment procedures should be waived only when "delay would do real harm." *Buschmann v. Schweiker,* 676 F.2d 352, 357 (9th Cir.1982) (quoting *U.S. Steel Corp. v. EPA,* 595 F.2d 207, 214 (5th Cir.1979)), *reh'g granted,* 598 F.2d 915 (1979); *see also Washington State Farm Bureau v. Marshall,* 625 F.2d 296, 306–07 (9th Cir.1980).

■ In this case the FAA based its invocation of the "good cause" exception on Hawaii's "recent escalation of fatal air tour acci-

dents." The FAA further explained that the problem was urgent:

Despite voluntary measures, the cooperation of the Hawaii air tour operators, and the FAA's inspections, the accident data show that voluntary measures and existing regulations are insufficient to ensure safe air tour operations in Hawaii. The recent accidents ... indicate an urgent safety problem that cannot be adequately addressed solely by enforcement of existing regulations.

Air Tour Operators in the State of Hawaii, 59 Fed.Reg. 49138, 49145 (Sept. 26, 1994) (to be codified at 14 C.F.R. §§ 91 and 135). The FAA listed specific facts supporting its reasons for issuing SFAR No. 71. These facts included: (1) there had been 20 air tour accidents between 1991 and 1994, including 24 fatalities; (2) among the 20 accidents, seven had occurred in 1994; (3) the most recent fatal accident had occurred on July 14, 1994; (4) the most recent non-fatal accident had occurred on September 4, 1994, only three weeks before SFAR No. 71 was promulgated.[1]

We perceive no indication in this record that the FAA waived notice and comment for any reasons other than its concern about the threat to public safety reflected in an increasing number of helicopter accidents. The FAA adequately explained the basis for taking emergency action without waiting for public participation. *Compare San Diego Air Sports Center, Inc. v. FAA,* 887 F.2d 966, 970 (9th Cir.1989) (FAA did not comply with provisions of § 553 when it issued letter disallowing parachuting without any explanation of why it felt emergency action was needed and where only known accident had occurred two years earlier.).

■ HHOA also contends that SFAR No. 71 is arbitrary and capricious. *See* 5 U.S.C. § 706(2)(A). A decision is arbitrary and capricious within the meaning of the APA when the agency

has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the

---

1. In the FAA's letter to HHOA denying HHOA's petition for stay of SFAR No. 71, the FAA noted that another non-fatal accident occurred on Oc-

tober 24, 1994, two days before SFAR No. 71 was to become effective.

problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *Beno v. Shalala*, 30 F.3d 1057, 1073 (9th Cir.1994) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 44, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983)). The reviewing court "may not substitute its judgment for the agency's; rather, it is limited to an inquiry whether the agency's decision was based on a consideration of relevant factors and whether there was a clear error of judgment." *Marshall*, 625 F.2d at 302. An agency's factual findings must be upheld "if those findings are supported by substantial evidence on the record as a whole." *Arkansas v. Oklahoma*, 503 U.S. 91, 113, 112 S.Ct. 1046, 1060, 117 L.Ed.2d 239 (1992).

HHOA's principal objection is to the 1,500 foot minimum flying altitude requirement. The FAA summarized its rationale as follows:

> Hawaii's unique topography often complicates access to suitable emergency landing areas. The air tour accidents in Hawaii have been characterized by insufficient time for pilots to locate suitable landing areas after engine power loss or other problems leading to accidents. The requirement to maintain an altitude of 1,500 feet above the surface is necessary for safety because it allows the pilot sufficient time to react in an emergency, to notify and instruct passengers, and to prepare for a forced landing. An aircraft operating at least 1,500 feet above the surface allows the pilot a greater opportunity to select a suitable landing site than would be the case at lower altitudes.

Air Tour Operators in the State of Hawaii, 59 Fed.Reg. 49138, 49143. On the basis of the record before this court, the regulation bears a rational relationship to legitimate FAA safety concerns and is neither arbitrary nor capricious.

■ HHOA also objects to the SFAR 71's flotation requirements, contending that no rational basis supports singling out helicopters flown in Hawaii for such regulation.

The regulation itself adequately explains that flotation requirements were imposed after a study of recent helicopter accidents in Hawaii showed that crash victims of accidents where flotation equipment was available were much less likely to drown than victims of helicopter accidents where no such equipment was available. Air Tour Operators in the State of Hawaii, 59 Fed.Reg. 49138, 49142. We conclude that a reasonable basis supported the flotation requirement.

■ HHOA also contends that due process requires the FAA to provide some notice and comment before promulgating the regulation. Where the requirements of § 553 have been satisfied, however, the Constitution imposes no higher procedural requirements. *Cf. Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 524, 98 S.Ct. 1197, 1202, 55 L.Ed.2d 460 (1978) ("[Section 553 establishes] the maximum procedural requirements which Congress was willing to have the courts impose upon agencies in conducting rulemaking procedures.").

Moreover, the FAA has not barred all input from interested parties such as HHOA. Under SFAR No. 71,

> interested persons are invited to submit such comments as they desire regarding this SFAR.... All communications received on or before the close of the comment period will be considered by the Administrator, and this SFAR may be changed in light of the comments received. All comments will be available, both before and after the closing dates for comments, in the Rules Docket for examination by interested parties.

Air Tour Operators in the State of Hawaii, 59 Fed.Reg. 49138, 49145.

In this manner, the FAA left the record open for a comment period that has recently expired. The FAA has indicated that it may modify SFAR No. 71 in response to comments. The record reflects that a number of comments, including comments from the National Transportation Safety Board, have directed criticism at SFAR No. 71. These comments may well merit response by the FAA.

When the FAA does respond to the comments, its action, including any modifications of the regulation, will constitute final agency action reviewable by this court. *See, e.g.,* 14 C.F.R. §§ 11.61–11.69.

This panel will retain jurisdiction of any further petitions for review of SFAR No. 71 or any successor regulation emerging from the comment period. *See, e.g., Klein v. Sullivan,* 978 F.2d 520, 521 (9th Cir.1992).

REVIEW DENIED.