70 F.3d 1084
 95 Cal. Daily Op. Serv. 8804, 95 Daily Journal
D.A.R. 15,428
Jerrel Pace FOSTER, Plaintiff-Appellant,
v.
Samuel SKINNER; T. Allan McArtor; Administrator, Federal
Aviation Administration, James B. Busey; and Neil
Eisner, Defendants-Appellees.
Jerrel Pace FOSTER, Plaintiff,
and
Lawrence B. Smith, Esquire, Appellant,
v.
Samuel K. SKINNER, Secretary of Transportation, Defendant-Appellee.
 Nos. 93-16431, 93-17265.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 20, 1995*.
Decided Nov. 20, 1995.
 
 Lawrence B. Smith, Tucson, Arizona, for plaintiff-appellant Foster and appellant pro se.
 Nina S. Pelletier, United States Department of Justice, Washington, DC; Sushma Soni, United States Department of Justice, Washington, DC; and Michael A. Johns, Office of the United States Attorney, Phoenix, Arizona, for the defendants-appellees.
 Appeals from the United States District Court for the District of Arizona.
 Before: HUG and LEAVY, Circuit Judges, and JONES, District Judge.**
 PER CURIAM:
 
 
 1
 This case represents another episode in Lawrence B. Smith's unrelenting quest to establish that the Federal Aviation Administration (FAA) lacks authority to revoke pilot certificates in response to safety violations. Due to Mr. Smith's litigious behavior, he has helped to develop his own adverse body of law in several circuits across this country.[1]
 
 
 2
 In the present action, Mr. Smith represents Jerrel P. Foster who asserted a Bivens[2] claim against the FAA, contending that the FAA violated his constitutional rights by attempting to revoke his pilot license. The district court dismissed the lawsuit on two alternative grounds: (1) lack of subject matter jurisdiction to entertain a Bivens action against the FAA, and (2) failure to allege a claim upon which relief can be granted. The court also imposed sanctions upon Mr. Smith, pursuant to the pre-December 1993 version of Fed.R.Civ.P. 11.
 
 BACKGROUND
 
 3
 Mr. Foster holds a commercial pilot certificate. In 1986, the FAA revoked the certificate because Foster violated FAA safety regulations while he was flying a helicopter as a television newsman. Foster contested the revocation in an administrative hearing before an administrative law judge (ALJ) of the National Transportation Safety Board (NTSB). The ALJ reduced the revocation to a ten month suspension.
 
 
 4
 In August 1989, the FAA again revoked Foster's certificate because he landed his helicopter in a school yard. As before, Foster challenged the revocation and received a reduced penalty from the ALJ of 150 days suspension.
 
 
 5
 After the two revocations, Foster brought this action for damages against officials of the FAA and Department of Transportation. Mr. Foster alleged thirteen claims for relief under the Fifth Amendment which are summarized as follows:(1) Claims one and nine--the FAA lacks authority to suspend or revoke pilot certificates for safety violations, and has failed to delegate such authority to its officers;
 
 
 6
 (2) Claim two--the NTSB lacks authority to hold hearings to suspend or revoke pilot certificates;
 
 
 7
 (3) Claims three and four--FAA suspensions and revocations deny the rights to a trial by jury and to a civil fine as a penalty;
 
 
 8
 (4) Claims five, six, seven, eight, ten, and eleven--the FAA violated the Administrative Procedures Act by not publishing rules regarding suspensions, and not giving Foster notice and an opportunity to comment on the rules;
 
 
 9
 (5) Claim twelve--certain FAA officials conspired to selectively prosecute Foster for the safety violations;
 
 
 10
 (6) Claim thirteen--after Foster served the ten month suspension, certain FAA officials wrongfully deprived him of flight privileges.
 
 
 11
 The district court interpreted these claims as a Bivens action.
 
 
 12
 Defendants moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1), (2), (5), and (6). On September 11, 1992, the district court dismissed the complaint under 12(b)(1), and alternatively under 12(b)(6), holding that it lacked subject matter jurisdiction over the complaint and Foster failed to allege claims upon which relief can be granted. More than a month later, on October 16, 1992, Foster moved for reconsideration of the court's dismissal. The court denied Foster's motion for reconsideration on May 28, 1993. Furthermore, after a hearing to show cause, the court sanctioned Foster's attorney, Mr. Smith, under Fed.R.Civ.P. 11 for filing at least ten frivolous claims which had been repeatedly rejected by this circuit and others.[3] Both parties appealed.
 
 STANDARD OF REVIEW
 
 13
 We review for abuse of discretion the district court's denial of a motion for reconsideration under Fed.R.Civ.P. 60(b). Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994). A district court's imposition of sanctions pursuant to Fed.R.Civ.P. 11 is also subject to review for abuse of discretion. Roundtree v. United States, 40 F.3d 1036, 1038 (9th Cir.1994); Hendrix v. Naphtal, 971 F.2d 398, 400 (9th Cir.1992). "An abuse of discretion occurs if the district court does not apply the correct law or rests its decision on a clearly erroneous finding of fact." Allen v. Shalala, 48 F.3d 456, 457 (9th Cir.1995). "We may affirm on any ground fairly supported by the record." Lee v. United States, 809 F.2d 1406, 1408 (9th Cir.1987), cert. denied, 484 U.S. 1041, 108 S.Ct. 772, 98 L.Ed.2d 859 (1988).
 
 DISCUSSION
 I. Jurisdiction
 
 14
 Foster's twelfth and thirteenth claims allege case specific mistreatment regarding the revocation and reinstatement of Foster's flight privileges. The district court held that it lacked jurisdiction over those claims pursuant to 49 U.S.C.A. Sec. 46110(a) (formerly Sec. 1486(a)) which vests exclusive jurisdiction in the court of appeals to review claims regarding final agency actions by the FAA, NTSB or Department of Transportation.
 
 
 15
 In Mace v. Skinner, 34 F.3d 854 (9th Cir.1994),[4] we distinguished broad challenges to the constitutionality of the FAA actions, over which the district court may exercise jurisdiction, from claims " 'that are inescapably intertwined with a review of the procedures and merits surrounding the FAA's order.' " Id. at 858 (quoting Green v. Brantley, 981 F.2d 514, 521 (11th Cir.1993)); see also Clark v. Busey, 959 F.2d 808, 811 (9th Cir.1992) (district court lacked jurisdiction over claims against the FAA involving final orders that are subject to judicial review under the Act). Foster's twelfth and thirteenth claims fall within the latter category; thus, they are subject to the exclusive jurisdiction of the court of appeals. Accordingly, the district court properly dismissed Foster's twelfth and thirteenth claims for lack of subject matter jurisdiction.
 
 
 16
 However, Defendants concede, as they must, that our decision in Mace resolves the subject matter jurisdiction issue in favor of Foster, with respect to the remaining claims one through eleven. We held that a district court has subject matter jurisdiction over broad constitutional challenges to FAA practices because the Federal Aviation Act, 49 U.S.C.A. Secs. 40101-49105 (1995), provides no remedy for such claims. Mace, 34 F.3d at 858-860. Therefore, the district court erred in holding that it lacked subject matter jurisdiction over claims one through eleven which assert broad constitutional challenges.[5] Because the district court had subject matter jurisdiction over those claims, we turn to the issue of whether Foster alleged a Fifth Amendment Bivens cause of action upon which relief can be granted.
 
 II. Failure to State a Claim
 
 17
 Our previous decision in Go Leasing v. NTSB, 800 F.2d 1514 (9th Cir.1986), disposes of many of Foster's constitutional claims. Go Leasing was brought by an air carrier with the assistance of Mr. Smith, and involved claims similar to those in the present action. We held that the FAA has authority to select and impose sanctions on certificate holders, and that FAA regulations were properly adopted and are constitutional. Id. at 1518-26. Several other circuits have arrived at similar conclusions. See Dilley v. National Transp. Safety Bd., 49 F.3d 667 (10th Cir.1995); Rochna v. National Transp. Safety Bd., 929 F.2d 13 (1st Cir.1991), cert. denied, 502 U.S. 910, 112 S.Ct. 305, 116 L.Ed.2d 248 (1991); Tearney v. National Transp. Safety Bd., 868 F.2d 1451 (5th Cir.1989), cert. denied, 493 U.S. 937, 110 S.Ct. 333, 107 L.Ed.2d 322 (1989); Komjathy v. National Transp. Safety Bd., 832 F.2d 1294 (D.C.Cir.1987), cert. denied, 486 U.S. 1057, 108 S.Ct. 2825, 100 L.Ed.2d 926 (1988). In this case, on behalf of his client, Smith merely attempts to relitigate issues which were fully resolved by this circuit in Go Leasing and other courts of appeals. Under the weight of the cited authority, we find that the district court properly dismissed claims one, two, three, four, five, six, seven, eight, ten and eleven.[6]
 
 
 18
 With regard to Foster's ninth claim, the lack of a rule expressly delegating authority to the FAA Administrator's subordinates does not constitute a violation of Foster's due process rights because clear authority establishes that the FAA Administrator, in his discretion, may suspend and revoke pilot certificates. See Go Leasing, 800 F.2d at 1523; Dilley, 49 F.3d at 669; Tearney, 868 F.2d at 1454; and Komjathy, 832 F.2d at 1297. Moreover, 14 C.F.R. Sec. 13.19(b) (1995) provides that the FAA Administrator's authority to suspend or revoke certificates may be exercised by "the Chief Counsel, the Assistant Chief Counsel for Regulations and Enforcement, and the Assistant Chief Counsel for the region or the Aeronautical Center." Therefore, case law and the regulations support the conclusion that Foster's ninth cause of action does not state a claim upon which relief can be granted.[7] Accordingly, the district court did not abuse its discretion in denying Foster's motion for reconsideration of the dismissal of his complaint.
 
 III. Sanctions
 
 19
 In consolidation with Mr. Foster's appeal, Smith has appealed the sanctions imposed against him. The district court issued sanctions against Smith under Fed.R.Civ.P. 11 because at least 10 of Foster's claims had been previously rejected by this circuit and others.
 
 
 20
 Sanctions were imposed in August 1993, before the December 1, 1993 amendments to Fed.R.Civ.P. 11 went into effect. The amendments changed the sanctions from mandatory to discretionary. Roundtree v. United States, 40 F.3d 1036, 1040 (9th Cir.1994). As we explained in Roundtree, generally the sound approach is to remand the issue of sanctions so that the district court has the opportunity to exercise its discretion under the new rule. Id. (citing Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir.1994) ("a just and practicable application of the amended Rule 11 requires that the district court be afforded an opportunity to exercise its discretion whether to impose sanctions under the amended version.")). However, in Roundtree, we affirmed the district court's award of sanctions against Mr. Smith for the following reasons: (1) he did not challenge the methodology or amount of sanctions; (2) the court was fully aware of the abusive course of Smith's advocacy; and, (3) a remand would impose needless additional expense and delay upon the government. Id. at 1040-41.
 
 
 21
 The existence of these factors in the present action compels the same result as in Roundtree. First, Mr. Smith declined to challenge any aspect of the sanctions.[8] Second, the district court thoroughly examined Smith's litigious history, and stated that Smith filed a frivolous complaint which contained at least ten claims that he personally knew--based on his losses in the Ninth Circuit and in other courts of appeals--were not well-grounded in law. Third, Smith's relentless pursuit has imposed significant litigation costs on Defendants; thus, inflicting further expense and delay upon Defendants would not be just. Consequently, we affirm the district court's award of sanctions.
 
 CONCLUSION
 
 22
 In sum, Mr. Foster's complaint does not state a claim upon which relief can be granted. Rather, his claims are merely attempts to re-litigate issues that have been decisively rejected by the courts. Therefore, the district court's orders dismissing Mr. Foster's complaint, and imposing sanctions on Mr. Smith are AFFIRMED.[9]
 
 
 
 *
 The panel unanimously finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 344 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Robert E. Jones, District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 In addition to numerous unpublished dispositions, the follow is a partial list of the many published cases which have rejected Mr. Smith's position: Dilley v. National Transp. Safety Bd., 49 F.3d 667 (10th Cir.1995); Roundtree v. United States, 40 F.3d 1036 (9th Cir.1994); Knipe v. Skinner, 999 F.2d 708 (2d Cir.1993); Hite v. National Transp. Safety Bd., 991 F.2d 17 (1st Cir.1993); Rochna v. National Transp. Safety Bd., 929 F.2d 13 (1st Cir.1991), cert. denied, 502 U.S. 910, 112 S.Ct. 305, 116 L.Ed.2d 248 (1991); Tearney v. National Transp. Safety Bd., 868 F.2d 1451 (5th Cir.1989), cert. denied, 493 U.S. 937, 110 S.Ct. 333, 107 L.Ed.2d 322 (1989); Komjathy v. National Transp. Safety Bd., 832 F.2d 1294 (D.C.Cir.1987), 486 U.S. 1057, 108 S.Ct. 2825, 100 L.Ed.2d 926 (1988); Go Leasing, Inc. v. National Transp. Safety Bd., 800 F.2d 1514 (9th Cir.1986)
 
 
 [2]
 Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [3]
 The district court expressly noted that sanctions were not appropriate for Smith's failure to acknowledge that the court lacked subject matter jurisdiction. Thus, it relied solely on Mr. Smith's decision to file claims which had been previously rejected by this circuit and others in imposing sanctions
 
 
 [4]
 Mace was brought by an aircraft mechanic with the assistance of Mr. Smith, and involved claims similar to those asserted in the present action
 
 
 [5]
 However, we expressly declined to address whether the complaint stated a claim upon which relief can be granted. Mace, 34 F.3d 860 n. 6
 
 
 [6]
 Claims one through four allege that the FAA and NTSB lack authority to revoke or suspend pilot certificates, to revoke certificates instead of civil fines, and to conduct hearings. Claims five, six, seven, eight, ten and eleven allege that the FAA violated the APA by not properly publishing rules regarding suspensions
 
 
 [7]
 Furthermore, even if the district court had jurisdiction over Foster's twelfth claim for conspiracy and thirteenth claim for wrongful withholding of flight privileges, he fails to allege specific facts with support his impugnable contentions. In a Bivens case where defendants' subjective intent is an element of the plaintiff's constitutional tort, we have adhered to a "heightened pleading standard." Mendocino Environmental Center v. Mendocino County, 14 F.3d 457, 461 (9th Cir.1994). This requires plaintiffs to " 'state in their complaint non-conclusory allegations setting forth evidence of unlawful intent.' " Id. (quoting Branch v. Tunnell, 937 F.2d 1382, 1386 (9th Cir.1991)). Neither Foster's twelfth nor his thirteenth claim allege sufficient facts under this heightened pleading standard. Instead, without factual support, Foster merely states that several FAA officials (1) conspired to selectively prosecute Foster, and (2) wrongfully withheld flight privileges. Consequently, the district court also properly dismissed these claims under Fed.R.Civ.P. 12(b)(6)
 
 
 [8]
 In his seventeen page brief, Smith explains that he was not physically capable of addressing the sanction issue because of fatigue caused by hypertension medication, housekeeping and cooking duties, and taking care of six pets. Should the court rule against Smith's client, Smith offers to submit a brief on sanctions. However, the time for additional briefing has long since passed, thus Smith's request for leave to file another brief is denied
 
 
 [9]
 Defendants also vehemently argue that a Fifth Amendment Bivens remedy is foreclosed by the comprehensive remedial scheme established by the Federal Aviation Act. Moreover, they also contend that they are immune from suit for their allegedly unconstitutional actions. However, because we affirm the district court's judgment on other grounds, we decline to address these arguments