**Thomas Martin CRIST, Plaintiff–Appellant,**

v.

**Nancy A. LEIPPE, Aviation Safety Inspector, Flight Standards District Office, FAA, Sacramento, CA; David R. Hinson, Administrator, Office of the Administrator, FAA, Washington, D.C.; Federal Aviation Administration, Defendants–Appellees.**

No. 96–16135.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1997.

Decided March 10, 1998.

Michael J. Harrington, Law Offices of Michael J. Harrington, Davis, CA, for appellant.

Charles J. Stevens, United States Attorney, Yoshinori H.T. Himel, Assistant United States Attorney, Sacramento, CA, for appellees.

Before: KOZINSKI, MAYER,* and FERDINAND Circuit Judges.

MAYER, Circuit Judge:

We are asked, once again, to determine the propriety of a district court's dismissal for lack of jurisdiction of a *Bivens*-type action challenging procedures used by the Federal Aviation Administration in suspending or re-

voking flying privileges, ·where the relevant statute appears to vest appellate jurisdiction exclusively in the appellate courts. We affirm the judgment on other grounds.

*Background*

Thomas Martin Crist holds a Commercial Pilot Certificate; issued by the Federal Aviation Administration ("FAA"). On September 16, 1994, the FAA sent him a Letter of Investigation, claiming that on August 30, 1994, two California Highway Patrol ("CHP") officers observed him flying low over a congested area in violation of 14 C.F.R. § 91.119(b), and carelessly or recklessly operating an aircraft in violation of 14 C.F.R. § 91.13(a). On September 22, 1994, Crist requested a copy of the complete investigation file, pursuant to the Freedom of Information Act ("F.O.I.A."), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. On October 18, 1994, the FAA advised Crist that it was withholding the information he requested, pursuant to F.O.I.A.'s law enforcement exemption, section 552(b)(7)(A).

Nancy A. Leippe, the aviation safety inspector investigating Crist's incident, completed her investigation on December 2, 1994. The FAA then released part of its investigation file to Crist on February 14, 1995. It continued to withhold the remaining parts of the file, again claiming the law enforcement exemption as well as the deliberative process privilege, section 552(b)(5).

The FAA suspended Crist's certificate on March 29, 1995. He appealed the suspension to the National Transportation Safety Board ("NTSB"). A hearing was held before Administrative Law Judge Geraghty who affirmed the · suspension on September 20, 1995. Crist appealed this initial decision to the Sacramento Superior Court[1] alleging a *Bivens*-type constitutional tort.[2] He named as defendants Leippe, the administrator of the FAA David R. Hinson, and the FAA. He

---

\* United States Circuit Judge for the Federal Circuit, sitting by designation. Judge Mayer assumed the position of Chief Judge on December 25, 1997.

1. Crist ˙ also appealed the administrative law judge's initial decision to the full NTSB. The board issued an opinion, *Daschle v. Crist*, NTSB

Order No. EA–4512 (December 19, 1996), shortly before Crist filed his reply brief in this appeal. See *infra*.

2. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

alleged that defendants' widespread spoliation of evidence [3] during the pendency of investigations violates the rights of FAA certificate holders to a fair hearing and due process of law under the Fifth Amendment. The FAA removed Crist's action to the United States District Court for the Eastern District of California. The district court dismissed the complaint for lack of jurisdiction and denied a request to amend the complaint to add a claim for a constitutional tort under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). *Crist v. Leippe*, 1996 WL 173124 (E.D.Cal.). The court held that Crist's *Bivens*, F.O.I.A., and Privacy Act claims, as stated in his first amended complaint, are:

> "inescapably intertwined" with the procedures and merits of the FAA order in question. They stem narrowly from the FAA order and directly attack its merits, i.e., whether the FAA failed to properly preserve and turn over evidence during its investigation of plaintiff, and whether such failure "resulted in an adverse determination affecting plaintiff."

*Id.* Crist appeals.

### Discussion

We review the district court's dismissal of the complaint for lack of subject matter jurisdiction *de novo*. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 563 (9th Cir.1994); *Hooker v. United States Dep't of Health & Human Servs.*, 858 F.2d 525, 529 (9th Cir.1988). As codified and amended, the Federal Aviation Act ("Act") states in relevant part:

> [A] person disclosing a substantial interest in an order ... under this part may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.... [T]he court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may

order the Secretary or Administrator to conduct further proceedings.

49 U.S.C. § 46110(a), (c) (1994) (Federal Aviation Act § 1006, formerly 49 U.S.C.App. § 1486(a)). As we have often observed, "[t]he district court's federal question jurisdiction is preempted by section 1006 of the Federal Aviation Act as to those classes of claims reviewable under section 1006." *Clark v. Busey*, 959 F.2d 808, 811 (9th Cir. 1992) (district court lacked jurisdiction over claims against the FAA involving final orders subject to judicial review under the Act); *see also, Mace v. Skinner*, 34 F.3d 854, 859–60 (9th Cir.1994). In *Mace*, we employed the following heuristic distinction to identify claims over which the district court could maintain jurisdiction: Does the appeal broadly challenge the constitutionality of the FAA's action-in which case the district court could have jurisdiction-or is the appeal "inescapably intertwined with a review of the procedures and merits surrounding the FAA's order"? *Id.* at 858 (quoting *Green v. Brantley*, 981 F.2d 514, 521 (11th Cir.1993)); *see also, Clark*, 959 F.2d at 811.

*Mace* identified the following claims as asserting broad constitutional challenges sufficient to invoke subject jurisdiction in the district court:

> [T]hat the FAA was not authorized to revoke certificates as a sanction for violating aviation safety regulations, nor was the NTSB authorized to try such revocations; that only fines were authorized as a sanction for safety violations; that the FAA failed to promulgate rules relating to the revocation procedures, to give the public notice of and an opportunity to comment on such rules, and to publish them in the *Federal Register*, and that the FAA's emergency procedures failed to accord Mace adequate notice of the revocation of his certificate.

*Mace*, 34 F.3d at 856. Subsequently, we said a district court would have jurisdiction over a claim that "FAA suspensions and revocations deny the rights to a trial by jury and to a civil fine as a penalty." *Foster v. Skinner*, 70

---

**3.** Leippe discarded photographs and notes after receiving Crist's F.O.I.A. and Privacy Act request. Air Force radar records, which might have contained information relevant to this case, were allegedly recycled by the time Crist filed his F.O.I.A. and Privacy Act request.

F.3d 1084, 1087 (9th Cir.1995) (affirming the district court's dismissal of claims, nevertheless, because they attempt relitigation of issues fully resolved by *Go Leasing v. NTSB*, 800 F.2d 1514 (9th Cir.1986), and by other circuit courts).

Here, as in *Mace* and *Foster*, the remedy Crist seeks-damages-is not provided by the Act. See 49 U.S.C. § 46110(c) (limiting remedies to affirming, modifying, or setting aside FAA orders). Alone, this does not sanction review in the district court, because the claim for damages may be nothing more than an end-run around the jurisdictional limitations imposed by the Act. *See Green*, 981 F.2d at 521. Here, as in *Mace*, the asserted claims stem from the revocation of an FAA certificate. Yet, this alone is not enough to conclude that jurisdiction rests exclusively in the appellate courts. Insofar as the board did not address the merits of Crist's appeal, the claim may not be based on the merits of the appealed order and additional record development may be necessary. Because of the substantive similarities between Crist's claim and the claims in *Mace* and *Foster*, we conclude that Crist asserts broad challenges to the constitutionality of agency practices and procedures.

■ This conclusion does not end our inquiry, because both a district court and a court of appeals may review constitutional challenges to FAA's procedures. *See, eg., Mace*, 34 F.3d at 860 (appellate court remanding to a district court for review of constitutional challenges to FAA action); *Greenwood v. Federal Aviation Admin.*, 28 F.3d 971, 975 (9th Cir.1994) (appellate court reviewing constitutional challenge). By necessary implication, section 46110 permits jurisdiction in the district court to hear broad constitutional challenges only where the agency's order did not address those challenges. Thus, although a broad constitutional challenge is a necessary predicate to district court jurisdiction, we must still determine whether Crist's claim was reviewable by an appellate court under section 46110. *See Clark*, 959 F.2d at 811 (quoted above).

Section 46110 authorizes appellate review of "orders," which we have interpreted as follows:

'[O]rder' carries a note of finality, and applies to an[y] agency decision which imposes an obligation, denies a right, or fixes some legal relationship. In other words, [i]f the order provides a 'definitive' statement of the agency's position, has a 'direct and immediate' effect on the day-to-day business of the party asserting wrongdoing, and envisions 'immediate compliance with its terms,' the order has sufficient finality to warrant the appeal offered by section [46110].

*Mace*, 34 F.3d at 857 (internal quotation marks and citations omitted); *see also, Southern California Aerial Advisers' Ass'n v. Federal Aviation Admin.* (9th Cir.1989). The record shows that the board issued an order, which on its merits was appealable to the appellate court. However, the order did not provide a definitive statement of the agency's position on Crist's constitutional challenge, and the board did not come close to developing a record permitting informed judicial evaluation of his challenge. *See Greenwood*, 28 F.3d at 978. The administrative law Judge simply refused to consider Crist's challenge to the agency action:

> Mr. Harrington: Just, Your Honor, just for the record, the grounds are that the FAA's deliberate, intentional or negligent spoliation of the radar tapes and the evidence from Ms. Leippe's reconstruction with the CHP officers deprived this gentleman of his right to a fair hearing here and due process of law.
>
> Judge Geraghty: Denied.
>
> Mr. Harrington: Is it my understanding Board [sic] just never considers those issues?
>
> Judge Geraghty: You can raise it on appeal.

Rather than being a final order on the merits of Crist's claim, the board's initial decision is more like "a threshold determination that further inquiry is warranted." *Southern California*, 881 F.2d at 675–76 (quoting *Federal Trade Comm'n v. Standard Oil*, 449 U.S. 232, 241, 101 S.Ct. 488, 493, 66 L.Ed.2d 416 (1980)). Because the board issued no section 46110 decision on Crist's *Bivens*-type constitutional claim that an appellate court can review, section 46110 does not preclude

jurisdiction in the district court to consider its merits.

■ As in *Mace*, we hold that the district court erred in dismissing Crist's claims[4] for lack of subject matter jurisdiction. However, *Mace* left it to the district court to determine on remand whether Mace could state a claim. 34 F.2d at 860 ("In reaching this conclusion, however, we do not mean to imply that Mace's complaint may not be subject to dismissal under Fed.R.Civ.P. 12(b)(6) .... "); *see also, Janicki Logging*, 42 F.3d at 564 (district court may have jurisdiction even though party may not be able to state a cause of action). Here, unlike *Mace*, the NTSB has already determined that Crist was not prejudiced by the FAA's procedures:

> [T]here is no evidence that radar data tracking respondent's aircraft ever existed. The only hint of such a possibility in the record is the law judge's reference in his decision to .... the CHP Officers' written statement, which indicates that Travis Air Force base approach control initially notified CHP that an unidentified aircraft was coming up on the left side of the CHP aircraft. However, we do not know if the Air Force generated data as a result of their observations of a civilian aircraft, nor will we speculate as to their procedures. In any event, even assuming that radar data did exist, and even assuming that it could have been exculpatory, Board precedent ... suggests that relief may be had only where there is evidence that the Administrator's actual destruction of such evidence occurred, and that the destruction was intentional. In the case before us, there is absolutely no corroboration of respondent's claim that the FAA intentionally destroyed relevant radar data.

Respondent also asserts on appeal that the destruction of the film and notes was an intentional destruction of evidence that affected his ability to defend himself, but he fails to explain how the materials could have helped his case. We agree with the law judge that there is no merit to this contention because there is no evidence of prejudice.

*Daschle v. Crist*, NTSB Order No. EA–4512 (Dec. 19, 1996).

Under *Bivens*, Crist must show that he suffered injury as a result of FAA procedures before the district court can grant him monetary relief.[5] *See* 403 U.S. at 397, 91 S.Ct. at 2005. However, he is precluded from arguing board error before the district court because section 46110 requires appeal from final board orders to an appellate court,[6] and unlike *Mace*, the board has already ruled that Crist suffered no injury. Therefore, it is manifest that Crist could not state a claim upon which relief can be granted in the district court. The very circumstances that give Crist standing to challenge the agency's procedures also make it impossible for him to state a claim, because all those claims could have been (or in fact were) raised in the administrative proceeding. Unlike our procedure in *Mace*, there is no reason to remand.

### Conclusion

Accordingly, the judgment of the district court is affirmed.

**AFFIRMED.**

---

4. We see no reason to upset the district court's denial of Crist's motion to amend his complaint to add a claim under the Federal Tort Claims Act. *See Roundtree v. United States*, 40 F.3d 1036, 1038 (9th Cir.1994) ("[Plaintiff] cannot use the FTCA as a means of obtaining review of the particular [FAA] orders of suspension in this case. The exclusive jurisdiction to review those orders lay in the United States Courts of Appeals. His failure to obtain relief in those courts did not free him to bring an action in the district court.") (citations omitted).

5. Crist says that he does not seek to reverse the 60–day suspension of his certificate, but merely

wants to restrain FAA's widespread spoliation of evidence. To the extent that he is so motivated, his best method for improving FAA procedures is to petition for rulemaking. A denial of this petition would constitute final agency action reviewable by an appellate court, *Clark,* 959 F.2d at 811, but would not secure the monetary damages he seeks.

6. Unlike Administrative Law Judge Geraghty's order, the NTSB's December 19, 1996, order is a final, definitive statement on the merits of Crist's constitutional challenge.