**CITY OF LOS ANGELES; Los Angeles World Airports; Los Angeles Board of Airports Commissioners, Petitioners,**

v.

**U.S. FEDERAL AVIATION ADMINISTRATION; Jane F. Garvey, Administrator of the Federal Aviation Administration; Susan L. Kurland, Associate Administrator for Airports, Respondents.**

No. 99–70452.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2000

Filed Feb. 14, 2001

Steven S. Rosenthal, Cooper, Carvin & Rosenthal, PLLC, Washington, D.C. and Scott P. Lewis, Palmer & Dodge LLP, Boston, Massachusetts, for the petitioners.

Robert D. Kamenshine, Civil Division, Department of Justice, Washington, D.C., for the respondents.

HUG, Circuit Judge:

Petitioners City of Los Angeles et al., who own and operate airports, challenge a Final Policy ("Policy") issued by the Federal Aviation Administration ("FAA"). According to the Policy, the Federal Aviation Administration Reauthorization Act of 1996 subjects airport operators who accepted federal grants in the past (like the City) to indefinite revenue-use restrictions. When the City accepted the grants, however, it gave revenue-use assurances for only 20 years, as required by then-existing law. The Policy also stated a change in position by the FAA, which now considers revenue received from water and mineral rights to be subject to the use restrictions. Finally, the Policy continued the FAA's position of including, as subject to the use restrictions, revenue received from agricultural products and revenue received from off-airport property used for airport-related purposes.

The principal issue is whether we have jurisdiction to hear this case as a direct appeal of the agency's action or whether the case must first be instituted in the district court. We hold that we lack appellate jurisdiction and therefore transfer the case to the United States District Court for the Central District of California.

## Factual Background

Petitioners City of Los Angeles, Los Angeles World Airports, and the Los Angeles Board of Airport Commissioners (collectively, the "City") own and operate several airports, including Los Angeles International Airport ("LAX"). According to the FAA (and not disputed by the City), the City has received federal Airport Improvement Program grants totaling over $150 million. Pursuant to the Airport and Airway Improvement Act of 1982, grant recipients were required to assure the Department of Transportation ("DOT") that airport revenues would not be diverted to non-airport uses. *See* 49 U.S.C. § 47107(b). In conjunction with receiving its grants, the City made the required assurances, which were limited in duration to 20 years from the date of acceptance of the grant offer.

The City accepted its last grant in 1993. The City was entitled to receive grants in subsequent years, but in reliance on the 20-year limit on its prior assurances, the City declined to accept any additional grants because it wished eventually to be free of the revenue-use restrictions. Thus, the City expected the restrictions to expire in 2013.

However, on February 16, 1999, the FAA issued a Final Policy[1] that states that prior recipients of federal funds are subject to indefinite revenue-use restrictions if their assurances from prior grants were in effect on the effective date of the FAA Reauthorization Act of 1996 ("Reauthorization Act"). 64 Fed.Reg. at 7716. The Policy states that § 804 of the Reauthorization Act, 49 U.S.C. § 47133, changed the restrictions on revenue use. 64 Fed.Reg. at 7697, 7699. The Policy asserts that the legislative history of § 47133 indicates Congress's intent that, from that point forward, airport revenue could only be used for airport purposes. *Id.* Thus, the FAA contends that it is not making policy but simply interpreting what the new law requires.

The City also objects to a change made in the Final Policy regarding the definition of airport revenue subject to the revenue-use requirement. The Policy includes revenue received "for the sale of (or sale or lease of rights in) sponsor-owned mineral, natural, or agricultural products or water to be taken from the airport." 64 Fed. Reg. at 7716. The Policy retreated from the FAA's prior *Erie* decision, which excluded revenue from natural gas production, reasoning that, "[j]ust as proceeds from the sale or lease of airport property constitute airport revenue, proceeds from

---

**1.** Policy and Procedures Concerning the Use of Airport Revenue, 64 Fed.Reg. 7696 (Feb. 16, 1999).

the sale or lease of a partial interest in the property—i.e. water or mineral rights—should also be considered airport revenue." 64 Fed.Reg. at 7702. The City currently receives revenue from pistachio farming at the Palmdale Airport, which airport is also located on a producing aquifer.

Finally, the City objects to the Final Policy because it continues to include, as revenue subject to the use restrictions, revenue received from property "used for an airport-related purpose but not located on the airport (e.g. a downtown duty-free shop)." 64 Fed.Reg. at 7716. The City owns off-airport property that is used by air cargo carriers who serve LAX.

The City seeks initial review in the court of appeals under 49 U.S.C. § 46110(a) and 5 U.S.C. §§ 701–06. The FAA contends that these provisions do not confer jurisdiction. We agree. Contingent upon our holding that jurisdiction was lacking, the City requested a transfer to the United States District Court for the Central District of California, which we grant.

### Discussion

The City contends that jurisdiction for its petition is proper in the court of appeals under 49 U.S.C. § 46110(a) and 5 U.S.C. §§ 701–06. Both of these asserted bases are deficient.

■ First, 5 U.S.C. §§ 701–06, are the codification of § 10 of the Administrative Procedure Act, but § 10 does not confer subject matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 104–07, 97 S.Ct. 980, 51 L.Ed.2d 192 (1976); *see also Your Home Visiting Nurse Servs., Inc. v. Shala-*

*la*, 525 U.S. 449, 457–58, 119 S.Ct. 930, 142 L.Ed.2d 919 (1999).

■ Second, the jurisdictional grant of 49 U.S.C. § 46110 does not apply to review of the Final Policy. That section provides:

> [A] person[2] disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Administrator of the Federal Aviation Administration with respect to aviation safety duties and powers designated to be carried out by the Administrator) *under this part* may apply for review of the order by filing a petition for review in the United States Court of Appeals....

49 U.S.C. § 46110(a) (1996) (emphasis added). Subtitle VII ("Aviation Programs") of Title 49 ("Transportation") is broken down into four "Parts": Part A—Air Commerce and Safety; Part B—Airport Development and Noise; Part C—Financing; and Part D—Miscellaneous. The jurisdictional provision that the City relies upon, § 46110(a), is in Part A, but the revenue-use restrictions are contained in Part B, specifically 49 U.S.C. §§ 47107(b) and 47133.[3] Thus, by its terms, § 46110(a) does not cover the Final Policy because it is not an order under Part A.[4] Moreover, because the statute is organized by, among other things, "parts" and "subsections," *see, e.g.,* 49 U.S.C. § 46101(a)(4), and then those terms are used throughout the statute, the structure supports the conclusion that § 46110(a) does not provide for judicial review of the Final Policy as applied to §§ 47107(b) and 47133, both of which are contained in Part B.

---

2. "Person" is broad and essentially translates to "entity." *See* 49 U.S.C. § 40102(a)(33); 1 U.S.C. § 1.

3. Part B contains its own judicial review provisions, none of which apply. *See* 49 U.S.C. § 47106(d)(3) (providing review in the court of appeals for persons adversely affected by an order withholding grant approval); § 47110(d)(3) (proving review in the court of appeals for persons adversely affected by an order withholding a grant payment); § 47532 (providing review in the court of appeals of

an action taken by the Secretary of Transportation under §§ 47528–47531).

4. The City argues that because the Final Policy contains sanctions provisions from Part A, the policy (at least in part) thus constitutes an "order" under Part A. The City, however, is not challenging the sanctions provisions, which have yet to be applied. It challenges only the duration of the revenue-use restrictions and the definition of "revenue," both of which relate to only Part B.

Every court of appeals case that could be found exercising jurisdiction under § 46110(a) involved airline commerce and safety or a specific provision under Part A. *See Morongo Band of Mission Indians v. FAA,* 161 F.3d 569, 572 (9th Cir.1998) (concerning an FAA Record of Decision implementing a plan that addressed "the need to revise arrival procedures in order to ensure safety and efficiency"); *Hawaii Helicopter Operators Ass'n v. FAA,* 51 F.3d 212, 213 (9th Cir.1995) (concerning an FAA regulation establishing special operating rules for airplane and helicopter operators in Hawaii); *see also Southeast Queens Concerned Neighbors, Inc. v. FAA,* 229 F.3d 387, 389–90 (2d Cir.2000) (concerning 49 U.S.C. § 40117); *J. Andrew Lange, Inc. v. FAA,* 208 F.3d 389, 390 (2d Cir.2000) (concerning 49 U.S.C. § 40103); *Hudson v. FAA,* 192 F.3d 1031, 1032 (D.C.Cir.1999) (concerning 49 U.S.C. § 44701); *City of Pierre v. FAA,* 150 F.3d 837, 839 (8th Cir.1998) (concerning an FAA order decommissioning a flight service station); *Reder v. Administrator of FAA,* 116 F.3d 1261, 1261 (8th Cir.1997) (concerning pilot's petition for review of denial, due to seizures and heart condition, of special issue medical certificate).

The City counters:

In the past ... this Court has repeatedly upheld the exclusive jurisdiction of the courts of appeals under 49 U.S.C. § 46110(a) and its predecessor 49 U.S.C.App. § 1486(a) "to review claims regarding final agency actions by the FAA, NTSB or Department of Transportation." *Foster v. Skinner,* 70 F.3d 1084, 1087 (9th Cir.1995).

However, *Foster* indicates that § 46110(a) encompasses orders relating to air safety. *See id.* at 1087–88 (holding that claims regarding revocation of Appellant's flight privileges for violating safety regulations were subject to jurisdiction of court of appeals); *see also Mace v. Skinner,* 34 F.3d 854, 858 (9th Cir.1994) (noting that

claim alleging that revocation of aircraft mechanic's certificate was irrational was "obviously" subject to court of appeals jurisdiction).

The City also relies on an alleged prior understanding about the scope of 49 U.S.C.App. § 1486 (a predecessor statute that was recodified at, among other places, 49 U.S.C. § 46110(a)).[5] This prior understanding governs, the City argues, because the revision of Title 49 was intended to be "without substantive change." H.R. No. 103–180 at 1 (1993), *reprinted in* 1994 U.S.C.C.A.N. 818, 818. The simple reply is: 49 U.S.C. § 46110(a) does reflect Congress's understanding of the then-current substance of the statute. This trumps any alleged contradictory understanding, particularly when that understanding is squarely at odds with the current text.

Finally, we do not find helpful cases applying 49 U.S.C.App. § 1486. For example, the City cites *City of Grapevine v. DOT,* 17 F.3d 1502, 1503 (D.C.Cir.1994), which exercised jurisdiction, under § 1486, over an FAA order approving an airport layout plan. Section 1486(a) provided for judicial review of "any order ... issued by ... the Secretary of Transportation under *this chapter.*" 49 U.S.C.App. § 1486(a). The chapter in which that provision was found was Chapter 20 (Federal Aviation Program) of Title 49. Thus, while § 1486(a) may have (during its existence) embraced orders under the broad category "Federal Aviation Program," § 46110(a) embraces only "Air Commerce and Safety."

In essence, the City seems to be making a "broad constitutional challenge" to either the FAA's actions (to the extent that the FAA is making policy) or to the Reauthorization Act itself (to the extent that it establishes policy as set by Congress); however, such a claim is not one subject to judicial review in the court of appeals but

---

**5.** 49 App.U.S.C.A. § 1486(a) provided:

Any order ... issued by the ... Secretary of Transportation under *this chapter* ... shall

be subject to review by the courts of appeals.... 49 App.U.S.C. § 1486(a) (1976) (emphasis added).

rather is reviewable by the district court. *See Crist v. Leippe,* 138 F.3d 801, 803 (9th Cir.1998); *Foster v. Skinner,* 70 F.3d 1084, 1087–88 (9th Cir.1995); *Mace v. Skinner,* 34 F.3d 854, 859 (9th Cir.1994).

Accordingly, this court lacks jurisdiction over the City's petition. In anticipation of this possible conclusion, the City has requested a transfer to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1631.[6] Because the City's action could have been filed originally in that district and a transfer serves the interest of justice, the requested transfer is granted.

## CONCLUSION

For the reasons expressed above, the City's petition is TRANSFERRED to the United States District Court for the Central District of California.

---

6. 28 U.S.C. § 1631 provides:
Whenever ... an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.
28 U.S.C. § 1631 (1994).