Rodney J. QUIGLEY, Plaintiff–
Appellant,

v.

CALIFORNIA FRANCHISE TAX
BOARD; et al., Defendants–
Appellees.

No. 00–17052.

D.C. No. CV–00–01662–WHA.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 20, 2001.

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Rodney J. Quigley appeals pro se the district court's judgment dismissing his action seeking a declaratory judgment that he was an Arizona resident for the tax year 1996. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of a case for lack of subject matter jurisdiction, *Crist v. Leippe,* 138 F.3d 801, 803 (9th Cir.1998), and we affirm.

▮▮▮▮ Because Arizona's and California's state court remedies for tax collection are "plain, speedy and efficient," the Tax Injunction Act, 28 U.S.C. § 1341 (1993), deprives federal courts of subject matter jurisdiction. *Franchise Tax Bd. v. Alcan Aluminium,* 493 U.S. 331, 338, 110 S.Ct. 661, 107 L.Ed.2d 696 (1990); *Rosewell v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*LaSalle Nat'l Bank,* 450 U.S. 503, 513, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). Because the Tax Injunction Act and the Declaratory Judgment Act, 28 U.S.C. § 2201 (1994), did not waive sovereign immunity, the district court did not err in dismissing Quigley's declaratory judgment claim against the Internal Revenue Service. *See City of Whittier v. United States Dep't of Justice,* 598 F.2d 561, 562 (9th Cir.1979). Accordingly, the district court did not err in dismissing Quigley's first amended complaint for lack of subject matter jurisdiction.

AFFIRMED.