**CITY OF ALAMEDA; Citizens League for Airport Safety and Serenity; Berkeley Keep Jets Over the Bay, an unincorporated association, Petitioners,**

v.

**FEDERAL AVIATION ADMINISTRATION; Port of Oakland; Commissioners, Port of Oakland, Respondents.**

No. 01–70169.

United States Court of Appeals,
Ninth Circuit.

Filed April 4, 2002.

---

**1144**

Before: Chief Judge SCHROEDER, Judges B. FLETCHER and KOZINSKI, Circuit Judges.

### ORDER

We conclude that we lack appellate jurisdiction under 49 U.S.C. § 46110(a). We direct that the appeal be removed from the argument calendar and that it be transferred to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1631.[1]

We grant the Airports Council International–North America's motion for leave to file as amicus a response to our March 18, 2002 order. The brief submitted is ordered filed.

Petitioners appeal directly from the Federal Aviation Administration's ("FAA's") "Finding of No Significant Impact and Record of Decision," ("ROD") issued December 21, 2000, containing a number of orders authorizing the proposed airport development plan to proceed. The ROD constituted a final decision of the Federal Aviation Administration. Both petitioners and respondents contend that the FAA's final decision is subject to direct review by the Court of Appeals pursuant to 49 U.S.C. § 46110(a). We disagree.

In the recently decided case, *City of Los Angeles v. F.A.A.*, 239 F.3d 1033, 1034 (9th Cir.2001), petitioners, City of Los Angeles *et al.*, challenged a "Final Policy ... issued by the [FAA]." The court stated that "[t]he principal issue is whether we have jurisdiction to hear this case as a direct appeal of the agency's action or whether the case must first be instituted in district court." *Id.* at 1034. The court, after examining the structure and language of the statute, determined that it lacked appellate jurisdiction, and transferred the case to district court. *Id.*

As the court discussed, Subtitle VII ("Aviation Programs") of Title 49, is divided into four "Parts": Part A—Air Commerce and Safety; Part B—Airport Development and Noise; Part C—Financing; and Part D—Miscellaneous. 49 U.S.C. §§ 49101, *et seq.* As petitioners here, petitioners in *City of Los Angeles* relied upon the jurisdictional provision of § 46110(a), located in Part A—Air Commerce and Safety, that provides for direct review by the courts of appeals. *Id.*, 239 F.3d at 1035. Under Part A, "a person disclosing a substantial interest in an order issued ... under this part may apply for review of the order by filing a petition for review in the ... court of appeals." § 46110(a).

In *City of Los Angeles*, petitioners challenged a Final Policy of the FAA involving the receipt of federal Airport Improvement Program grants by various localities. In sum, the FAA in that case imposed a tighter restriction on the already established policy that all recipients must assure the Department of Transportation "that airport revenues would not be diverted to non-airport uses." *Id.* Petitioners sought review in our court of the regulatory action.

---

1. Petitioners have requested that if we conclude we lack jurisdiction that we transfer to the district court rather than dismiss the action.

As the court discussed, though the jurisdictional provision relied upon by the petitioners, § 46110(a), was located in Part A, the revenue-use restrictions challenged by the petitioners were located in Part B, specifically at 49 U.S.C. §§ 47107(b) and 47133. Therefore, the court held, " § 46110(a) does not cover the Final Policy because it is not an order under Part A."[2] *Id.*, 239 F.3d at 1035 n. 3. Further, "[e]very court of appeals case that could be found exercising jurisdiction under § 46110(a) involved airline commerce and safety or a specific provision under Part A." *Id.*, 239 F.3d at 1036 (citing cases). Cases *affirming* the exclusive jurisdiction of the courts of appeals "indicate[ ] that § 46110(a) encompasses orders relating to air safety." *Id.* (citing, *e.g., Foster v. Skinner*, 70 F.3d 1084, 1087 (9th Cir.1995) (holding that claims regarding revocation of appellant's flight privileges for violating safety regulations were subject to court of appeals jurisdiction)).

Petitioners contend that *City of Los Angeles* is inapposite because the petitioners in that case challenged an FAA action wholly within Part B of Title 49 Subtitle VII, whereas in the case at bar the FAA's actions were taken pursuant to both sections A and B of Title 49 Subtitle VII. The FAA actions *challenged by petitioners here*, however, concern themselves with matters covered by Part B, Airport Development and Noise, rather than Part A, that concerns Air Commerce and Safety. Petitioners fail to disclose a "substantial interest" in an order issued under Part A. Unlike the cases relied upon by the parties in their submissions in response to our March 18, 2002 order, petitioners on appeal allege *only* violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq.* The fact that the ROD refers to matters of Airport Safety and Commerce is of no import here, since petitioners challenge actions unrelated to either of those matters.[3] For that reason, as in *City of Los Angeles*, petitioners must bring their claims pursuant to some other statute.[4]

Because Congress chose to cabin the availability of direct appeal to the courts of appeals, limiting the scope of 49 U.S.C. § 46110(a), dividing Subtitle VII into four parts, and lodging this jurisdictional provision within Part A alone, it would contravene clear Congressional intent to allow petitioners to bring claims concerning Airport Development and Noise, regulated under Part B, under the jurisdictional provisions of Part A. As we noted in *City of Los Angeles*, the clear language and structure of § 46110(a) "trumps any alleged contradictory understanding" of Congressional intent when it enacted the statute. *Id.*, 239 F.3d at 1036.

Appeal transferred to the district court.

2. The court noted that Part B contains its own judicial review provisions, none of which applied in that case. *Id.*

3. Petitioners, on appeal, allege that the FAA violated NEPA by (1) failing to prepare an environmental impact statement, (2) failing to disclose significant environmental effects, (3) relying on unspecified mitigation measures in reaching its conclusions on environmental impact, and (4) failing to examine a reasonable range of alternatives to the proposed development. Petitioners *do not contend* that their concerns reach the areas of air commerce and safety—only that the FAA's "Finding of No Significant Impact and Record of Decision" relies in part on the statutory provisions of Part A related to those matters.

4. Such as NEPA, or the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, for example. By transferring this appeal, we do not purport to rule on the district court's jurisdiction. That is an issue for it to determine.