**PEOPLE OF CALIFORNIA,**
ex rel., Plaintiff,

and

Gayle Bybee; et al., Plaintiffs—
Appellants,

v.

Andrew ERATH; et al., Defendants—
Appellees.

No. 03–55609.

D.C. No. CV–02–04242–DDP.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.[*]

Decided Dec. 19, 2003.

Gayle Bybee, pro se, Carla Figaro, pro se, Nora Moore, pro se, Teresa Giordano, pro se, Denise Ricca–White, pro se, Sunset Beach, CA, for Plaintiffs–Appellants.

Robert I. Lester, Esq., Office of the U.S. Attorney, Civil Division, Los Angeles, CA, for Defendants–Appellees.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM [**]

Gayle Bybee, Carla Figaro, Nora Moore, Teresa Giordano, and Denise Ricca–White appeal pro se the district court's judgment dismissing their *Bivens* action alleging that prosecutors and Internal Revenue

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Service ("IRS") agents violated their Constitutional rights by preparing and serving fraudulent grand jury subpoenas. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the dismissal of a *Bivens* action for failure to state a claim. *See Libas Ltd. v. Carillo,* 329 F.3d 1128, 1130 (9th Cir.2003). We review for abuse of discretion a district court's denial of a motion for reconsideration. *See Minnesota Mut. Life Ins. Co. v. Ensley,* 174 F.3d 977, 987 (9th Cir.1999). We affirm.

The district court properly dismissed under *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the claims brought by Bybee, Moore, and Giordano because a favorable outcome would undermine the criminal charges pending against them. *See Harvey v. Waldron,* 210 F.3d 1008, 1014 (9th Cir.2000) ("*Heck* applies to pending criminal charges, and [ ] a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."). We construe the judgment as to these defendants as a dismissal without prejudice. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) (per curiam).

The district court properly dismissed the claims brought by Figaro and Ricca–White because they could not show any legally-cognizable constitutional injury stemming from the subpoenas. *See Crist v. Leippe,* 138 F.3d 801, 805 (9th Cir.1998) (holding *Bivens* plaintiff must show injury to recover damages); *Matter of Grand Jury Subpoena Issued to Chesnoff,* 62 F.3d 1144, 1145 (9th Cir.1995) (dismissing appeal for lack of standing because litigant who was not the subject of the criminal investigation had not suffered injury adequate to satisfy Article III's case-or-controversy requirement).

The district court properly concluded appellants' motion to quash was moot. *See* Fed.R.Crim.P. 17(c).

Appellants' remaining contentions are unpersuasive.

AFFIRMED.