**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| 1075 MARKET STREET OWNERS' ASSOCIATION, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, through the Secretary of the United States Department of Health & Human Services, Xavier Becerra; CITY AND COUNTY OF SAN FRANCISCO; EPISCOPAL COMMUNITY SERVICES OF SAN FRANCISCO; MERCY HOUSING CALIFORNIA, <br><br> Defendants-Appellees. | No. 20-15517 <br><br> D.C. No. 3:19-cv-07313-SK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted May 13, 2021
San Francisco, California

Before: NGUYEN, COLLINS, and BUMATAY, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge COLLINS

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff 1075 Market Street Owners' Association (the "Association") appeals from the district court's judgment dismissing for lack of standing its claims against defendants U.S. Department of Health and Human Services ("HHS"), City and County of San Francisco ("City"), Episcopal Community Services of San Francisco ("ECS"), and Mercy Housing California ("Mercy"). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021), we affirm in part on other grounds, reverse in part, and remand.

1. The district court erred in concluding that the Association lacks standing. "For a plaintiff to have standing to litigate a case or controversy in federal court, Article III demands that [the plaintiff] have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Pierce v. Ducey*, 965 F.3d 1085, 1089 (9th Cir. 2020) (per curiam) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). The injury "must be 'concrete and particularized' and 'actual or imminent, not "conjectural" or "hypothetical."'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

The Association alleges that the future medical clinic at 1064 Mission Street (the "1064 Clinic") will attract drug dealers and related crime. Locating the

2

Clinic's entrance on Stevenson Street as planned rather than on Mission, as the Association seeks, will "exacerbate the ongoing criminal activity" on Stevenson, which the City fails to control, whereas these problems "can be better managed" on Mission, which "is better trafficked and policed." The additional drug activity and associated crime on Stevenson will increase the health and safety risks to the Association's owners, residents, and visitors, and already has negatively affected the property value.

The Association sufficiently alleges an injury in fact for standing purposes. *See Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 139 S. Ct. 361, 368 n.1 (2018); *see also Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 213 (2012). The alleged future injury was imminent, *i.e.*, the certainty of its occurrence was "not too speculative for Article III purposes," *Lujan*, 504 U.S. at 564 n.2, because when the Association filed the complaint, defendants had already considered and rejected moving the Clinic's entrance to Mission and construction was scheduled to start in a few months. Therefore, we reverse the district court's dismissal of the Association's claims against the City, ECS, and Mercy.

2.   A majority of the panel concludes that the case or controversy is now moot as to HHS.[1]  *See Patchak*, 567 U.S. at 214 (observing that transfer of land while lawsuit was pending "mooted [the plaintiff's] request for an injunction to prevent the acquisition").  HHS seeks an order enjoining HHS "from transferring property to ECS, Mercy, and / or the City . . . for purposes of constructing the 1064 Mission Development" with the entrance to the 1064 Clinic on Stevenson.  But the Association does not dispute HHS's representation that HHS has "quitclaimed the property to the City," and the Association acknowledges that construction of 1064 Mission is underway.

Although the requested injunction would also order HHS to "requir[e] that the entrance to the 1064 Clinic be placed on Mission," the complaint contains no allegations suggesting how HHS could do so other than by conditioning the transfer.  At argument, the Association's counsel denied that the Association seeks

---

[1] Judge Bumatay would hold that the case remains live as to HHS because of HHS's acknowledged reversionary interest in the property.  In his view, such an interest could be used by HHS to force the other defendants into compliance with local nuisance law (even without reversion).  But Judge Bumatay would still affirm the dismissal of HHS as a party since the Association fails to state a claim against the agency under federal common law.  *See Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 422 (2011) ("Absent a demonstrated need for a federal rule of decision, [federal courts adopt] the readymade body of state law as the federal rule of decision until Congress strikes a different accommodation." (simplified)); *Native Village of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 855 (9th Cir. 2012) (explaining that "federal common law can apply to *transboundary* . . . suits" that are "founded on a theory of public nuisance" (emphasis added)).

to compel HHS to use its reversionary interest in the property to unwind the transfer, and counsel could not articulate an alternative legal basis for HHS to compel design modifications to the building. Jurisdictional discovery is inappropriate "on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Therefore, we affirm the district court's dismissal of the Association's claim against HHS. *See Crist v. Leippe*, 138 F.3d 801, 805 (9th Cir. 1998) (affirming jurisdictional dismissal on other grounds).

3.　Because we affirm the dismissal of the sole claim giving rise to the district court's original jurisdiction, we remand the claims within the district court's supplemental jurisdiction and instruct the district court to consider exercising its discretion to dismiss them. *See* 28 U.S.C. § 1367(c) ("The *district courts* may decline to exercise supplemental jurisdiction . . . ." (emphasis added)); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))); *Webster v. Omnitrition Int'l, Inc.*, 79 F.3d 776, 790 (9th Cir. 1996) (declining to "examine the necessary factors in the first instance").

　　　The parties shall bear their own costs.

5

**AFFIRMED in part on other grounds, REVERSED in part, and REMANDED.**



*1075 Market Street Owners' Ass'n v. U.S. Dep't of Health & Human Servs.*, No. 20-15517

FILED

JUN 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COLLINS, Circuit Judge, concurring in part and dissenting in part:

I concur in Section 2 of the memorandum disposition, in which a majority of the panel affirms, on mootness grounds, the dismissal of the claims against the U.S. Department of Health and Human Services ("HHS").[1]  I also concur in Section 1, in which the panel unanimously reverses the district court's dismissal, on Article III standing grounds, of the remaining claims against the non-federal parties.  But rather than remand for the district court to exercise its discretion whether to retain supplemental jurisdiction over those state law claims, I would instead remand with instructions to dismiss those claims without prejudice to refiling them in state court.

Given that we have affirmed the dismissal of HHS, the only basis for retaining federal jurisdiction over the remaining state law claims is the supplemental jurisdiction statute, 28 U.S.C. § 1367.  *See* Mem. Dispo at 3–4.  But "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon*

---

[1] In doing so, I express no view (and I understand Judge Nguyen likewise to express no view) as to whether Judge Bumatay is correct in contending that the complaint fails to state a claim against HHS under federal common law.

*Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Acri v. Varian 14 Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). The apparent premise of the majority's remand is that perhaps this is not the "usual case," so that the ordinary rule may not apply. But the only thing unusual about this case is how obvious it is that it belongs in state court: with HHS out of the case, the resulting suit is a highly localized land-use dispute among exclusively local parties over a specific parcel. The majority nonetheless remands the case to find out, in effect, whether the district court wants to abuse its discretion by trying to retain this suit. In my view, the remand is pointless, because it is already apparent that it would be an abuse of discretion *not* to decline supplemental jurisdiction under § 1367(c). Under these circumstances, I would save the parties and the district court the delay and trouble by instead remanding with explicit instructions to decline supplemental jurisdiction.